**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 10/7/2014

☐Pro Se    ☒Retained    ☐CJA    ☐FPD

USA or other
☐Federal Agency
(Appeal Fee Exempt)

Case No: <u>11-cv-01611-MSK-CBS</u>

☐Amended Notice of Appeal
☐Other pending appeals
☐Transferred Successive
   §2254 or §2255

Date Filed: <u>10/06/2014</u>

Appellant: <u>Plaintiff and Third Party Defendants</u>

Pro Se Appellant:
        ☐IFP forms mailed/given        ☐Motion IFP pending        ☐Appeal fee paid
                                        ☐IFP denied                ☐Appeal fee not paid

Retained Counsel:
        ☒Appeal fee paid        ☐Appeal fee not paid        ☐Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:  s/D. Kalsow
        Deputy Clerk

cc:    Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 10/2/2014

ALLMTN,APPEAL,TERMED

# U.S. District Court
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:11–cv–01611–MSK–CBS

| | |
|---|---|
| Western Convenience Stores, Inc. et al v. Suncor Energy (U.S.A.) Inc. | Date Filed: 06/20/2011 |
| Assigned to: Chief Judge Marcia S. Krieger | Date Terminated: 09/08/2014 |
| Referred to: Magistrate Judge Craig B. Shaffer | Jury Demand: None |
| Cause: 15:0013 Robinson–Patman Act | Nature of Suit: 410 Anti–Trust |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Western Convenience Stores, Inc.**
*a Colorado corporation*

represented by **Jeffrey H. McClelland**
Bennington Johnson Biermann
&Craigmile, LLC
370 17th Street
#3500
Denver, CO 80202
303–629–5200
Fax: 303–629–5718
Email: jmc@benningtonjohnson.com
*ATTORNEY TO BE NOTICED*

**Joseph T. VanLandingham**
Polsinelli PC–Denver
1515 Wynkoop
Suite 600
Denver, CO 80202–1130
303–572–9300
Fax: 303–572–7883
Email: jvanlandingham@polsinelli.com
*ATTORNEY TO BE NOTICED*

**Kathleen E. Craigmile**
Bennington Johnson Biermann
&Craigmile, LLC
370 17th Street
#3500
Denver, CO 80202
303–629–5200
Fax: 303–629–5718
Email: kec@benningtonjohnson.com
*ATTORNEY TO BE NOTICED*

**Kenneth Ronald Bennington**
Bennington, Johnson, Biermann
&Craigmile, LLC
370 17th Street
#3500
Denver, CO 80202

303−629−5200
Fax: 303−629−5718
Email: krb@benningtonjohnson.com
*ATTORNEY TO BE NOTICED*

**Philip Wayne Bledsoe**
Polsinelli PC−Denver
1515 Wynkoop
Suite 600
Denver, CO 80202−1130
303−572−9300
Fax: 303−572−7883
Email: pbledsoe@polsinelli.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Suncor Energy (U.S.A.) Inc.**            represented by    **Anthony J. Shaheen**
*a Delaware corporation*                                     Holland &Hart, LLP−Denver
                                                            P.O. Box 8749
                                                            555 17th Street
                                                            #3200
                                                            Denver, CO 80201−8749
                                                            303−295−8000
                                                            Fax: 303−291−9126
                                                            Email: AJShaheen@hollandhart.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John Robert Robertson**
                                                            Hogan Lovells US LLP−DC
                                                            555 13th Street, N.W.
                                                            Columbia Square
                                                            #1300
                                                            Washington, DC 20004−1109
                                                            202−637−5774
                                                            Fax: 202−637−5910
                                                            Email: robby.robertson@hoganlovells.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael Edward Korenblat**
                                                            Suncor Energy Services, Inc.
                                                            717 17th Street
                                                            Suite 2900
                                                            Denver, CO 80202
                                                            303−793−8052
                                                            Fax: 303−793−8057
                                                            Email: mkorenblat@suncor.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **William Leitzsey Monts , III**

Hogan Lovells US LLP–DC
555 13th Street, N.W.
Columbia Square
Suite 1300
Washington, DC 20004–1109
202–637–5600
Fax: 202–637–5910
Email: william.monts@hoganlovells.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Suncor Energy (U.S.A.) Inc.**          represented by          **Anthony J. Shaheen**
*a Delaware corporation*                                          (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **John Robert Robertson**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Michael Edward Korenblat**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **William Leitzsey Monts , III**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Western Convenience Stores, Inc.**     represented by          **Joseph T. VanLandingham**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kathleen E. Craigmile**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Kenneth Ronald Bennington**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Philip Wayne Bledsoe**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**Suncor Energy (U.S.A.) Inc.**          represented by          **Anthony J. Shaheen**
*a Delaware corporation*                                          (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**John Robert Robertson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Edward Korenblat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Leitzsey Monts , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

**Debra Lynn Taraghi**                    represented by    **Kenneth Ronald Bennington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey H. McClelland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph T. VanLandingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Wayne Bledsoe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Hossein Taraghi**                    represented by    **Kenneth Ronald Bennington**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey H. McClelland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph T. VanLandingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Wayne Bledsoe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Western Truck One, LLC**                    represented by    **Joseph T. VanLandingham**
*a Colorado limited liability company*                          (See above for address)
*TERMINATED: 09/05/2013*                                        *ATTORNEY TO BE NOTICED*

                                                                **Kathleen E. Craigmile**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Kenneth Ronald Bennington**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Philip Wayne Bledsoe**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Interested Party**

**Dillon Companies, Inc.**                    represented by    **Andrew Alexander Smith**
                                                                Messner &Reeves LLC
                                                                1430 Wynkoop Street
                                                                #300
                                                                Denver, CO 80202
                                                                303–605–1573
                                                                Fax: 303–623–0552
                                                                Email: asmith@messner.com
                                                                *TERMINATED: 09/05/2012*
                                                                *LEAD ATTORNEY*

                                                                **Scott Leonard Evans**
                                                                Messner &Reeves LLP
                                                                1430 Wynkoop Street
                                                                Suite 300
                                                                Denver, CO 80202
                                                                303–623–1800
                                                                Fax: 877–623–0552
                                                                Email: sevans@messner.com
                                                                *TERMINATED: 09/05/2012*
                                                                *LEAD ATTORNEY*

                                                                **Christopher Anthony Taravella**
                                                                Montgomery Little &Soran, P.C.
                                                                5445 DTC Parkway
                                                                #800
                                                                Greenwood Village, CO 80111–3053
                                                                303–773–8100
                                                                Fax: 303–220–0412
                                                                Email: ctaravella@montgomerylittle.com
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Michael Robert McCormick**

Montgomery Little &Soran, P.C.
5445 DTC Parkway
#800
Greenwood Village, CO 80111–3053
303–773–8100
Fax: 303–220–0412
Email: mmccormick@montgomerylittle.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/20/2011 | 1 | | COMPLAINT against Suncor Energy (U.S.A.) Inc. (Filing fee $ 350, Receipt Number 38825) Summons Issued, filed by Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Receipt)(lyg, ) (Entered: 06/21/2011) |
| 06/20/2011 | 2 | | CORPORATE DISCLOSURE STATEMENT, by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (lyg, ) (Entered: 06/21/2011) |
| 06/23/2011 | 3 | | ORDER OF REFERENCE TO MAGISTRATE JUDGE: REFERRING CASE to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 6/23/11. (msksec, ) (Entered: 06/23/2011) |
| 06/28/2011 | 4 | | ORDER REGARDING CUSTODY OF EXHIBITS AND DEPOSITIONS USED IN EVIDENTIARY HEARINGS AND TRIALS: Any exhibits and depositions used during evidentiary hearings or trials, counsel for the parties shall retrieve the originals of such exhibits and depositions from the Court following the evidentiary hearing or trial, and shall retain same for 60 days beyond the later of the time to appeal or conclusion of any appellate proceedings. The Court will retain its copy of the exhibits for the same time period after which the documents will be destroyed. by Judge Marcia S. Krieger on 6/28/11. (mskcd) (Entered: 06/28/2011) |
| 07/06/2011 | 5 | | MOTION for Preliminary Injunction by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bennington, Kenneth) (Entered: 07/06/2011) |
| 07/07/2011 | 6 | | MEMORANDUM regarding 5 MOTION for Preliminary Injunction filed by Western Truck One, LLC, Western Convenience Stores, |

| | | | |
|---|---|---|---|
| | | | Inc.Motion is referred to Magistrate Judge Craig B. Shaffer. **At or before a hearing on this Motion, the parties shall specify whether they consent to a final determination, <u>on this motion only,</u> by Magistrate Judge Shaffer pursuant to 28 U.S.C. §636(c)**. by Judge Marcia S. Krieger on 7/7/11. TEXT ONLY ENTRY – NO DOCUMENT ATTACHED(msksec, ) (Entered: 07/07/2011) |
| 07/08/2011 | 7 | | MINUTE ORDER setting a Telephonic Status Conference on 7/13/2011 at 10:00 AM to discuss timing issues re: <u>5</u> MOTION for Preliminary Injunction before Magistrate Judge Craig B. Shaffer. *Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time.* By Magistrate Judge Craig B. Shaffer on 7/8/11. TEXT ONLY ENTRY – NO DOCUMENT ATTACHED(cbssec) (Entered: 07/08/2011) |
| 07/08/2011 | <u>8</u> | | NOTICE of Entry of Appearance by Kathleen E. Craigmile on behalf of Western Convenience Stores, Inc., Western Truck One, LLC (Craigmile, Kathleen) (Entered: 07/08/2011) |
| 07/11/2011 | <u>9</u> | | WAIVER OF SERVICE Returned Executed by Western Convenience Stores, Inc., Western Truck One, LLC. Suncor Energy (U.S.A.) Inc. waiver sent on 7/6/2011, answer due 9/6/2011. (Craigmile, Kathleen) (Entered: 07/11/2011) |
| 07/13/2011 | <u>10</u> | | Minute Entry for proceedings held before Magistrate Judge Craig B. Shaffer: Telephonic Status Conference held on 7/13/2011. Hearing as to <u>5</u> MOTION for Preliminary Injunction set for 9/28/2011 09:00 AM before Magistrate Judge Craig B. Shaffer. Witness disclosure due 9/10/2011. Response to Motion for Preliminary Injunction due 9/6/2011. Reply due 9/20/2011. By Magistrate Judge Craig B. Shaffer. (FTR: Linda Kahoe) (cbscd) (Entered: 07/13/2011) |
| 09/02/2011 | <u>11</u> | | WITHDRAWN – MOTION to Dismiss or Stay the Second Through Fifth Claims for Relief of Plaintiffs' Complaint by Defendant Suncor Energy (U.S.A.) Inc. (Shaheen, Anthony) Modified on 12/7/2011 to add text Wtihdrawn pursuant to Order dated 12/06/2011 (wjc, ). (Entered: 09/02/2011) |
| 09/02/2011 | <u>12</u> | | BRIEF in Support of <u>11</u> MOTION to Dismiss *or Stay the Second Through Fifth Claims for Relief* |

| | | | |
|---|---|---|---|
| | | | *of Plaintiffs' Complaint* filed by Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #1 Exhibit Exhibit 1)(Shaheen, Anthony) (Entered: 09/02/2011) |
| 09/02/2011 | 13 | | RESPONSE to 5 MOTION for Preliminary Injunction filed by Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #1 Exhibit Exhibit Index, #2 Exhibit Exhibit 1, #3 Exhibit Exhibit 2, #4 Exhibit Exhibit 3, #5 Exhibit Exhibit 4, #6 Exhibit Exhibit 5, #7 Exhibit Exhibit 6, #8 Exhibit Exhibit 7, #9 Exhibit Exhibit 8, #10 Exhibit Exhibit 9, #11 Exhibit Exhibit 10, #12 Exhibit Exhibit 11)(Shaheen, Anthony) (Entered: 09/02/2011) |
| 09/02/2011 | 14 | | CORPORATE DISCLOSURE STATEMENT by Defendant Suncor Energy (U.S.A.) Inc... (Shaheen, Anthony) (Entered: 09/02/2011) |
| 09/02/2011 | 15 | | LETTER re: 12 Brief in Support of Motion *to Dismiss or Stay the Second Through Fifth Claims for Relief of Plaintiffs' Complaint* by Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #1 Exhibit Exhibit 2, #2 Exhibit Exhibit 3)(Shaheen, Anthony) (Entered: 09/02/2011) |
| 09/20/2011 | 16 | | REPLY to Response to 5 MOTION for Preliminary Injunction filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 09/20/2011) |
| 09/23/2011 | 17 | | NOTICE of Entry of Appearance by John Robert Robertson on behalf of All Defendants (Robertson, John) (Entered: 09/23/2011) |
| 09/26/2011 | 18 | | RESPONSE to 11 MOTION to Dismiss *or Stay the Second Through Fifth Claims for Relief of Plaintiffs' Complaint* filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F)(Bennington, Kenneth) (Entered: 09/26/2011) |
| 09/27/2011 | 19 | | Exhibit List *(Joint)* by Defendant Suncor Energy (U.S.A.) Inc.. (Robertson, John) (Entered: 09/27/2011) |
| 09/28/2011 | 20 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Motion Hearing held on 9/28/2011. Exhibits 2, 11, 1, 5, and 17 received. Scheduling Conference set for 11/10/2011 01:30 PM in Courtroom A 402 before |

| | | | Magistrate Judge Craig B. Shaffer. Proposed scheduling order and proposed e–discovery protocol due by 11/1/11. Initial disclosures shall be served by 11/4/11. Proposed protective order due by 11/4/11. (FTR: Emily Seamon) (Attachments: #_1 Joint Exhibit List) (eseam) (Entered: 09/28/2011) |
|---|---|---|---|
| 10/14/2011 | 21 | | REPLY to Response to_11 MOTION to Dismiss *or Stay the Second Through Fifth Claims for Relief of Plaintiffs' Complaint* filed by Defendant Suncor Energy (U.S.A.) Inc.. (Monts, William) (Entered: 10/14/2011) |
| 10/21/2011 | 22 | | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE that_5 MOTION for Preliminary Injunction filed by Plaintiffs Western Truck One, LLC, and Western Convenience Stores, Inc. be denied. By Magistrate Judge Craig B. Shaffer on 10/21/2011. (cbslc1) (Entered: 10/21/2011) |
| 10/25/2011 | 23 | | SUPPLEMENT/AMENDMENT to_11 MOTION to Dismiss or Stay the Second Through Fifth Claims for Relief of Plaintiffs' Complaint by Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #_1 Exhibit 1 to Suncor's Supplement)(Shaheen, Anthony) Modified on 10/26/2011 to delete duplicate text (wjc, ). (Entered: 10/25/2011) |
| 10/28/2011 | 24 | | TRANSCRIPT of Motion Hearing held on 09/28/2011 before Magistrate Judge Shaffer. Pages: 1–246. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 1/30/2012. (Avery Woods Reporting, ) (Entered: 10/28/2011) |

| 11/01/2011 | 25 | | Proposed Scheduling Order by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bennington, Kenneth) (Entered: 11/01/2011) |
| --- | --- | --- | --- |
| 11/10/2011 | 26 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Scheduling Conference held on 11/10/2011. A Rule 26(f) conference is set for 11/17/2011 at 1:30 PM in Courtroom A402. (FTR: Emily Seamon) (eseam) (Entered: 11/10/2011) |
| 11/17/2011 | 27 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Scheduling Conference held on 11/17/2011. Discovery due by 10/30/2012. Dispositive Motions due by 12/1/2012. (FTR: Emily Seamon) (eseam) (Entered: 11/18/2011) |
| 11/17/2011 | 28 | | SCHEDULING ORDER: by Magistrate Judge Craig B. Shaffer on 11/17/11. (eseam) (Entered: 11/18/2011) |
| 11/21/2011 | 29 | | TRIAL PREPARATION ORDER – CIVIL by Judge Marcia S. Krieger on 11/21/11. (msksec, ) (Entered: 11/21/2011) |
| 11/22/2011 | 30 | | THIS MATTER comes before the Court on the Recommendation issued by Magistrate Judge 22 that the Motion for Preliminary Injunction 5 be DENIED. It appears that the parties were served with the Recommendation along with an advisement in conformance with Fed.R.Civ.P. 72 of their right to object within 14 days of service. No timely objection has been filed. There appearing no clear error in the Recommendation, IT IS THEREFORE ORDERED that the Recommendation is ADOPTED and made an order of this Court. Judge Marcia S. Krieger on 11/22/11. Text Only Entry(msk, ) (Entered: 11/22/2011) |
| 12/02/2011 | 31 | | Suncor's ANSWER to 1 Complaint, COUNTERCLAIM against Western Convenience Stores, Inc., by Suncor Energy (U.S.A.) Inc. (Attachments: # 1 Exhibit A and B)(Shaheen, Anthony) Modified on 12/5/2011 to edit text to clarify name of counter defendant and delete duplicate text (wjc, ). (Entered: 12/02/2011) |
| 12/02/2011 | 32 | | MOTION to Withdraw Document re 11 MOTION to Dismiss or Stay the Second Through Fifth Claims for Relief of Plaintiffs' Complaint |

| | | | |
|---|---|---|---|
| | | | by Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Shaheen, Anthony) Modified on 12/5/2011 to remove filer (wjc, ). (Entered: 12/02/2011) |
| 12/05/2011 | 33 | | ORDER denying 32 Motion to Withdraw Document, with leave to refile, for failure to comply with D.C.COLO.LCivR 7.1.A. by Judge Marcia S. Krieger on 12/5/11. Text Only Entry(msksec, ) (Entered: 12/05/2011) |
| 12/05/2011 | 34 | | (NOTICE) Suncor's Unopposed Withdrawal of its 11 Motion to Dismiss or Stay the Second Through Fifth Claims for Relief of Plaintiffs' Complaint by Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc. (Shaheen, Anthony) Modified on 12/6/2011 to edit text to clarify title of document (wjc, ). (Entered: 12/05/2011) |
| 12/06/2011 | 35 | | ORDER withdrawing 11 Motion to Dismiss pursuant to the Notice filed at docket entry #34. by Judge Marcia S. Krieger on 12/6/11. Text Only Entry(msksec, ) (Entered: 12/06/2011) |
| 12/23/2011 | 36 | | Plaintiff Western Convenience Stores, Inc.'s Reply (ANSWER) to 31 Defendant's Counterclaim, by Western Convenience Stores, Inc.(Bennington, Kenneth) Modified on 12/23/2011 to add linkage and edit text to clarify title of document (wjc, ). (Entered: 12/23/2011) |
| 01/20/2012 | 37 | | THIRD PARTY COMPLAINT against Debra Lynn Taraghi, Hossein Taraghi, filed by Suncor Energy (U.S.A.) Inc. (Attachments: # 1 Exhibit 1)(Shaheen, Anthony) Modified on 1/23/2012 to delete duplicate text (wjc, ). (Entered: 01/20/2012) |
| 01/20/2012 | 38 | | SUMMONS Returned Executed by Suncor Energy (U.S.A.) Inc.. Debra Lynn Taraghi served on 1/20/2012, answer due 2/10/2012. (Shaheen, Anthony) (Entered: 01/20/2012) |
| 01/20/2012 | 39 | | SUMMONS Returned Executed by Suncor Energy (U.S.A.) Inc.. Hossein Taraghi served on 1/20/2012, answer due 2/10/2012. (Shaheen, Anthony) (Entered: 01/20/2012) |
| 01/31/2012 | 40 | | MOTION to Amend/Correct/Modify 1 Complaint by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit A – Amended Complaint)(Bennington, Kenneth) (Entered: 01/31/2012) |

| 01/31/2012 | 41 | | MEMORANDUM regarding 40 MOTION to Amend/Correct/Modify 1 Complaint filed by Western Truck One, LLC, Western Convenience Stores, Inc.. Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 1/31/12. Text Only Entry (msksec, ) (Entered: 01/31/2012) |
|---|---|---|---|
| 02/01/2012 | 42 | | ORDER granting 40 Motion to Amend Complaint. Plaintiffs' [40–1] Amended Complaint is accepted for filing as of the date of this order, by Magistrate Judge Craig B. Shaffer on 2/1/12. Text Only Entry(cbssec) (Entered: 02/01/2012) |
| 02/01/2012 | 43 | | AMENDED COMPLAINT against Suncor Energy (U.S.A.) Inc., filed by Western Convenience Stores, Inc., Western Truck One, LLC.(wjc, ) (Entered: 02/02/2012) |
| 02/13/2012 | 44 | | ANSWER to 37 Third Party Complaint by Debra Lynn Taraghi, Hossein Taraghi.(Bennington, Kenneth) (Entered: 02/13/2012) |
| 02/21/2012 | 45 | | *Suncor's* ANSWER to 43 Amended Complaint by Suncor Energy (U.S.A.) Inc..(Shaheen, Anthony) (Entered: 02/21/2012) |
| 02/24/2012 | 46 | | Stipulated MOTION for Protective Order by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Pages, # 2 Proposed Document)(Shaheen, Anthony) (Entered: 02/24/2012) |
| 02/24/2012 | 47 | | MEMORANDUM regarding 46 Stipulated MOTION for Protective Order filed by Suncor Energy (U.S.A.) Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 2/24/12. Text Only Entry (msksec, ) (Entered: 02/24/2012) |
| 03/12/2012 | 48 | | ORDER granting 46 Motion for Protective Order. ORDERED that parties MUST fully comply with all provisions of D.C.ColoL.CivR. 7.2, specifically those provisions dealing with filing documents under seal, by Magistrate Judge Craig B. Shaffer on 3/12/12. Text Only Entry(cbssec) (Entered: 03/12/2012) |
| 03/12/2012 | 49 | | PROTECTIVE ORDER signed by Magistrate Judge Craig B. Shaffer on 3/12/12. (cbssec) (Entered: 03/12/2012) |

| 04/04/2012 | 50 | | MINUTE ORDER setting a Discovery Hearing on 4/20/2012 at 4:00 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer, pursuant to a request made by Plaintiffs, by Magistrate Judge Craig B. Shaffer on 4/4/12. Text Only Entry (cbssec) (Entered: 04/04/2012) |
| --- | --- | --- | --- |
| 04/20/2012 | 51 | | MINUTE ORDER The Court held an off–the–record discussion with counsel regarding discovery issues. The Discovery Hearing set for 4/20/2011 is vacated. By Magistrate Judge Craig B. Shaffer on 4/20/2012. Text Only Entry. (mehcd) (Entered: 04/20/2012) |
| 05/02/2012 | 52 | | MOTION to Compel by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Restricted Level – 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Restricted Level – 1 Exhibit D)(Bennington, Kenneth) Modified on 6/26/2012 to Restrict Exhibits A and D to Restricted Documents – Level 1 pursuant to 84 Minute Entry dated 06/25/2012 (wjcsl, ). (Entered: 05/02/2012) |
| 05/03/2012 | 53 | | MEMORANDUM regarding 52 MOTION to Compel filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 5/3/12. Text Only Entry (msksec, ) (Entered: 05/03/2012) |
| 05/03/2012 | 54 | | ORDER Setting Hearing on 52 MOTION to Compel. ORDERED that a Motion Hearing will be held on 6/25/2012 at 1:30 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer, by Magistrate Judge Craig B. Shaffer on 5/3/12. Text Only Entry (cbssec) (Entered: 05/03/2012) |
| 05/07/2012 | 55 | | MOTION for Leave to Restrict Document by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 05/07/2012) |
| 05/08/2012 | 56 | | MEMORANDUM regarding 55 MOTION for Leave to Restrict Document filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 5/8/12. Text Only Entry (msksec, ) (Entered: 05/08/2012) |
| 05/18/2012 | 57 | | MOTION to Quash or Modify Subpoena by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 |

| | | | |
|---|---|---|---|
| | | | Proposed Order (PDF Only))(Evans, Scott) Modified on 5/21/2012 to delete duplicate text (wjcsl, ). (Entered: 05/18/2012) |
| 05/21/2012 | 58 | | MEMORANDUM regarding 57 MOTION to Quash *or Modify Subpoena* filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 5/21/12. Text Only Entry (msksec, ) (Entered: 05/21/2012) |
| 05/21/2012 | 59 | | MOTION for Order to Re−Designate Certain Discovery Material as Confidential Information by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Restricted Level − 1 Exhibit A, # 2 Restricted Level − 1 Exhibit B, # 3 Restricted Level −1 Attachment Exhibit C, # 4 Exhibit D)(Bennington, Kenneth) Modified on 6/26/2012 to change Exhibits A, B, and C to Restricted Documents Level − 1 pursuant to Minute Entry dated 06/25/2012 (wjcsl, ). (Entered: 05/21/2012) |
| 05/21/2012 | 60 | | ORDER setting a hearing by Magistrate Judge Craig B. Shaffer on 5/21/12. ORDERED that a hearing on Dillon Companies' 57 MOTION to Quash or Modify Subpoena will be held on 6/25/2012 at 1:30 p.m. in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry (cbssec) (Entered: 05/21/2012) |
| 05/22/2012 | 61 | | MEMORANDUM regarding 59 MOTION for Order to *Re−Designate Certain Discovery Material as Confidential Information* filed by Western Truck One, LLC, Western Convenience Stores, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 5/22/12. Text Only Entry (msksec, ) (Entered: 05/22/2012) |
| 05/25/2012 | 62 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Compel by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order)(Shaheen, Anthony) (Entered: 05/25/2012) |
| 05/25/2012 | 63 | | MEMORANDUM regarding 62 Unopposed MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Compel filed by Suncor Energy (U.S.A.) Inc. Motions referred to Magistrate Judge Craig B. Shaffer by |

14

| | | | |
|---|---|---|---|
| | | | Judge Marcia S. Krieger on 5/25/12. Text Only Entry (msksec, ) (Entered: 05/25/2012) |
| 05/25/2012 | 64 | | ORDER granting 62 Motion for Extension of Time to File Response/Reply by Magistrate Judge Craig B. Shaffer on 5/25/12. Text Only Entry(cbssec) (Entered: 05/25/2012) |
| 06/01/2012 | 65 | | MOTION for Leave to Restrict Document by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 06/01/2012) |
| 06/01/2012 | 66 | | BRIEF in Opposition to 52 MOTION to Compel filed by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Shaheen, Anthony) Modified on 6/4/2012 to delete duplicate text (wjcsl, ). (Entered: 06/01/2012) |
| 06/04/2012 | 67 | | MOTION for Extension of Time to *Respond to Suncor's First Interrogatories and Document Requests* by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 06/04/2012) |
| 06/04/2012 | 68 | | MEMORANDUM regarding 65 MOTION for Leave to Restrict Document filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 6/4/12. Text Only Entry (msksec, ) (Entered: 06/04/2012) |
| 06/04/2012 | 69 | | MEMORANDUM regarding 67 MOTION for Extension of Time to *Respond to Suncor's First Interrogatories and Document Requests* filed by Western Truck One, LLC, Western Convenience Stores, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 6/4/12. Text Only Entry (msksec, ) (Entered: 06/04/2012) |
| 06/05/2012 | 70 | | ORDER granting 67 Motion for Extension of Time, by Magistrate Judge Craig B. Shaffer on 6/5/12. Text Only Entry(cbssec) (Entered: 06/05/2012) |
| 06/11/2012 | 71 | | RESPONSE to 57 MOTION to Quash or Modify Subpoena Filed by Dillon Companies, Inc. filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 RESTRICTED LEVEL – 1 Exhibit 1, # 2 Exhibit |

| | | | |
|---|---|---|---|
| | | | 2, # 3 Exhibit 3, # 4 Exhibit 4)(Bennington, Kenneth) Modified on 6/26/2012. Exhibit 1 Restricted Level – 1 pursuant to Minute Entry dated 06/25/2012 (wjcsl, ). (Entered: 06/11/2012) |
| 06/14/2012 | 72 | | BRIEF in Opposition to 59 MOTION for Order to *Re–Designate Certain Discovery Material as Confidential Information* filed by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Exhibit 1, Declaration of Steven Ewing, # 2 Exhibit 2, Transcript Motion Hearing on 9/28/11)(Shaheen, Anthony) (Entered: 06/14/2012) |
| 06/14/2012 | 73 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Compel by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 06/14/2012) |
| 06/15/2012 | 74 | | ORDER resetting hearing only as to 57 MOTION to Quash or Modify Subpoena pursuant to an unopposed telephonic request made by counsel. ORDERED that a Motion Hearing on the instant motion will be held on 7/16/2012 at 1:30 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. All other pending and referred motions will be addressed at the hearing set for June 25, 2012. Text Only Entry by Magistrate Judge Craig B. Shaffer on 6/15/12. (cbssec) (Entered: 06/15/2012) |
| 06/15/2012 | 75 | | MEMORANDUM regarding 73 Unopposed MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Compel filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 6/15/12. Text Only Entry (msksec, ) (Entered: 06/15/2012) |
| 06/15/2012 | 76 | | ORDER granting 73 Motion for Extension of Time to File a Reply to 52 MOTION to Compel. The deadline is extended to 6/20/12, by Magistrate Judge Craig B. Shaffer on 6/15/12. Text Only Entry(cbssec) (Entered: 06/15/2012) |
| 06/15/2012 | 77 | | NOTICE of Entry of Appearance *of Philip W Bledsoe* by Philip Wayne Bledsoe on behalf of Debra Lynn Taraghi, Hossein Taraghi, Western Convenience Stores, Inc., Western Convenience Stores, Inc., Western Truck One, LLC (Bledsoe, |

| | | | |
|---|---|---|---|
| | | | Philip) (Entered: 06/15/2012) |
| 06/15/2012 | 78 | | NOTICE of Entry of Appearance *of Joseph T. VanLandingham* by Joseph T. VanLandingham on behalf of Debra Lynn Taraghi, Hossein Taraghi, Western Convenience Stores, Inc., Western Convenience Stores, Inc., Western Truck One, LLC (VanLandingham, Joseph) (Entered: 06/15/2012) |
| 06/15/2012 | 79 | | MOTION for Leave to Restrict Document by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: 06/15/2012) |
| 06/18/2012 | 80 | | MEMORANDUM regarding 79 MOTION for Leave to Restrict Document filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 6/18/12. Text Only Entry (msksec, ) (Entered: 06/18/2012) |
| 06/20/2012 | 81 | | PARTIAL RESTRICTED DOCUMENT – REPLY to Response to 52 MOTION to Compel filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit 1, # 2 Restricted Level 1 Exhibit 2, # 3 Restricted Level 1 Exhibit 3, # 4 Exhibit 4, # 5 Restricted Level 1 Exhibit 5, # 6 Restricted Level 1 Exhibit 6, # 7 Restricted Level 1 Exhibit 7, # 8 Restricted Level 1 Exhibit 8, # 9 Restricted Level 1 Exhibit 9, # 10 Exhibit 10, # 11 Restricted Level 1 Exhibit 11, # 12 Restricted Level 1 Exhibit 12, # 13 Restricted Level 1 Exhibit 13, # 14 Restricted Level 1 Exhibit 14, # 15 Exhibit 15)(Craigmile, Kathleen) Modified on 7/18/2012 to change Exhibits 2–3, 5–9, and 11–14 to Restriction Level 1 pursuant to Minute Entry dated 07/16/2012 (wjcsl, ). (Entered: 06/20/2012) |
| 06/21/2012 | 82 | | NOTICE of Entry of Appearance (Amended) by Philip Wayne Bledsoe on behalf of Debra Lynn Taraghi, Hossein Taraghi, Western Convenience Stores, Inc., Western Truck One, LLC. (Bledsoe, Philip) Modified on 6/22/2012 to add filer and delete duplicate text (wjcsl, ). (Entered: 06/21/2012) |
| 06/22/2012 | 83 | | REPLY to Response to 59 MOTION for Order to *Re–Designate Certain Discovery Material as Confidential Information* filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit |

| | | | 1)(Bennington, Kenneth) (Entered: 06/22/2012) |
|---|---|---|---|
| 06/25/2012 | 84 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Motion Hearing held on 6/25/2012. The court GRANTS IN PART and DENIES in PART 52 Motion to Compel. The court GRANTS 55 Motion for Leave to Restrict. The court DENIES 59 Motion for Order. The court GRANTS 65 Motion for Leave to Restrict. The court GRANTS 79 Motion for Leave to Restrict. (FTR: Robin Mason) (cbscd, ) (Entered: 06/25/2012) |
| 06/25/2012 | 85 | | REPLY to Response to 57 MOTION to Quash *or Modify Subpoena* filed by Interested Party Dillon Companies, Inc.. (Smith, Andrew) (Entered: 06/25/2012) |
| 07/05/2012 | 86 | | MOTION for Leave to Restrict Document by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: 07/05/2012) |
| 07/06/2012 | 87 | | MEMORANDUM regarding 86 MOTION for Leave to Restrict Document filed by Western Truck One, LLC, Western Convenience Stores, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 7/6/12. Text Only Entry (msksec, ) (Entered: 07/06/2012) |
| 07/16/2012 | 88 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Motion Hearing held on 7/16/2012. The court GRANTS 86 Motion for Leave to Restrict. The parties shall be required to (within 48 hours of today's hearing) meet physically, in the same room, to figure out a way to resolve the issues raised in this motion. The parties shall update the court by filing a Status Report. If the parties feel a hearing is needed, they shall contact Magistrate Judge Shaffers chambers to request one be set. FTR: Robin Mason. (cbscd, ) (Entered: 07/17/2012) |
| 07/25/2012 | 89 | | STATUS REPORT *Regarding Dillon Companies' Motion to Quash Subpoena* by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: 07/25/2012) |
| 07/27/2012 | 90 | | Joint MOTION to Amend/Correct/Modify 28 Scheduling Order by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: |

| | | | |
|---|---|---|---|
| | | | 07/27/2012) |
| 07/30/2012 | 91 | | MEMORANDUM regarding 90 Joint MOTION to Amend/Correct/Modify 28 Scheduling Order filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 7/30/12. Text Only Entry (msksec, ) (Entered: 07/30/2012) |
| 08/01/2012 | 92 | | Second STATUS REPORT *Regarding Dillon Companies' Motion to Quash Subpoena and Request for Further Hearing* by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit A)(Craigmile, Kathleen) (Entered: 08/01/2012) |
| 08/08/2012 | 93 | | ORDER setting hearing on 57 MOTION to Quash or Modify Subpoena and 90 Joint MOTION to Amend 28 Scheduling Order. ORDERED that a Motion Hearing will be held on 8/17/2012 at 2:00 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry by Magistrate Judge Craig B. Shaffer on 8/8/12. (cbssec) (Entered: 08/08/2012) |
| 08/17/2012 | 94 | | STATUS REPORT Re: Plaintiff's Subpoena by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Evans, Scott) Modified on 8/20/2012 to delete duplicate text (wjcsl, ). (Entered: 08/17/2012) |
| 08/17/2012 | 95 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Motion Hearing held on 8/17/2012. The court DENIES 57 Motion to Quash. The court GRANTS 90 Motion to Amend/Correct/Modify. The court advises the parties that since the subject of filing dispositive motions is still up in the air, the parties shall be required to either filed dispositive motions on or before February 8, 2013 or file a joint status report indicating that no one intends to file any dispositive motions (which would be asking Judge Krieger to set this matter for a final pretrial conference). FTR: Robin Mason. (cbscd, ) (Entered: 08/17/2012) |
| 08/17/2012 | 96 | | Utility Setting/Resetting Deadlines/Hearings: Discovery due by 1/22/2013. Dispositive Motions due by 2/8/2013 pursuant to 95 Minute Entry dated 08/17/2012. Text Only Entry (wjcsl, ) (Entered: 08/24/2012) |

| 08/27/2012 | 97 | | NOTICE of Entry of Appearance by Christopher Anthony Taravella on behalf of Dillon Companies, Inc. (Taravella, Christopher) (Entered: 08/27/2012) |
|---|---|---|---|
| 08/27/2012 | 98 | | NOTICE of Entry of Appearance by Michael Robert McCormick on behalf of Dillon Companies, Inc. (McCormick, Michael) (Entered: 08/27/2012) |
| 08/27/2012 | 99 | | STATUS REPORT by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, # 2 Exhibit B – Declaration of John Phillips Pugh Pursuant to 28 U.S.C. § 1746, # 3 Exhibit B–1 – Policy for eMail Retention, Archiving, and Quota Management, # 4 Exhibit B–2 – The Kroger Co. Law Department Third Party Subpoena Fee Schedule, # 5 Exhibit C – Declaration of Jennifer McClenahan Pursuant to 28 U.S.C. § 1746)(McCormick, Michael) (Entered: 08/27/2012) |
| 08/29/2012 | 100 | | RESPONSE to 99 Status Report,, by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Craigmile, Kathleen) (Entered: 08/29/2012) |
| 08/29/2012 | 101 | | CERTIFICATE of Mailing/Service re 100 Response by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: 08/29/2012) |
| 08/30/2012 | 102 | | ORDER setting a Status Conference on 9/7/2012 at 8:30 AM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry by Magistrate Judge Craig B. Shaffer on 8/30/12. (cbssec) (Entered: 08/30/2012) |
| 08/30/2012 | 103 | | MOTION to Withdraw *Scott L. Evans* by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order)(Evans, Scott) (Entered: 08/30/2012) |
| 08/30/2012 | 104 | | MOTION to Withdraw *Andrew A. Smith* by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order)(Smith, Andrew) (Entered: 08/30/2012) |
| 08/31/2012 | 105 | | MEMORANDUM regarding 103 MOTION to Withdraw *Scott L. Evans* filed by Dillon |

| | | | |
|---|---|---|---|
| | | | Companies, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 8/31/12. Text Only Entry (msksec, ) (Entered: 08/31/2012) |
| 08/31/2012 | 106 | | MEMORANDUM regarding 104 MOTION to Withdraw *Andrew A. Smith* filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 8/31/12. Text Only Entry (msksec, ) (Entered: 08/31/2012) |
| 08/31/2012 | 107 | | OBJECTION/Appeal of Magistrate Judge Decision to District Court re 95 Order on Motion to Quash,,, Order on Motion to Amend/Correct/Modify,,, Motion Hearing,,, Set/Reset Deadlines/Hearings,, by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A – Subpoena to Produce Documents, Information Or Objects or to Permit Inspection of Premises in This Action, # 2 Exhibit B – Declaration of John Phillips Pugh Pursuant to 28 U.S.C. § 1746, # 3 Exhibit B –1 E–mail Retention Archiving and Quota Management, # 4 Exhibit B–2 Kroger Law Department Third Party Subpoena Fee Schedule, # 5 Exhibit C – Declaration of Jennifer McClenahan Pursuant to 28 U.S.C. § 1746, # 6 Exhibit D Declaration of Susan Giannola Pursuant to 28 U.S.C. § 1746, # 7 Exhibit E Reply Regarding Status Report by Interested Party Dillon Companies, Inc.)(McCormick, Michael) (Entered: 08/31/2012) |
| 08/31/2012 | 108 | | REPLY Regarding 99 Status Report by Interested Party Dillon Companies, Inc. (Attachments: # 1 Exhibit A – Subpoena to Produce Documents, Information Or Objects or to Permit Inspection of Premises in This Action, # 2 Exhibit B – Declaration of John Phillips Pugh Pursuant to 28 U.S.C. § 1746, # 3 Exhibit B –1 E–mail Retention Archiving and Quota Management, # 4 Exhibit B–2 Kroger Law Department Third Party Subpoena Fee Schedule, # 5 Exhibit C – Declaration of Jennifer McClenahan Pursuant to 28 U.S.C. § 1746, # 6 Exhibit D Declaration of Susan Giannola Pursuant to 28 U.S.C. § 1746)(McCormick, Michael) Modified on 9/4/2012 to create linkage (wjcsl, ). (Entered: 08/31/2012) |
| 08/31/2012 | 109 | | MOTION to Stay *(Partial) of the August 17, 2012 Magistrate Judge's Order* by Interested |

|  |  |  | Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 08/31/2012) |
|---|---|---|---|
| 08/31/2012 | 110 |  | MOTION for Reconsideration re 95 Order on Motion to Quash,,, Order on Motion to Amend/Correct/Modify,,, Motion Hearing,,, Set/Reset Deadlines/Hearings,, by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 08/31/2012) |
| 09/04/2012 | 111 |  | MEMORANDUM regarding 110 MOTION for Reconsideration re 95 Order on Motion to Quash,,, Order on Motion to Amend/Correct/Modify,,, Motion Hearing,,, Set/Reset Deadlines/Hearings,, filed by Dillon Companies, Inc., 109 MOTION to Stay *(Partial) of the August 17, 2012 Magistrate Judge's Order* filed by Dillon Companies, Inc.. Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 9/4/2012. Text Only Entry (msklc1, ) (Entered: 09/04/2012) |
| 09/04/2012 | 112 |  | MINUTE ORDER by Magistrate Judge Craig B. Shaffer on 9/4/2012. The Status Conference has been RE−set to 9/13/2012 01:30 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry (cbscd, ) (Entered: 09/04/2012) |
| 09/05/2012 | 113 |  | MINUTE ORDER by Magistrate Judge Craig B. Shaffer on 9/4/2012. The Status Conference has been RE−set to 9/14/2012 at 08:30 AM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. The previous date of 9/13/2012 at 01:30 PM has been VACATED. Text Only Entry (cbscd, ) (Entered: 09/05/2012) |
| 09/05/2012 | 114 |  | ORDER granting 103 Motion to Withdraw and 104 Motion to Withdraw. The Clerk of Court is instructed to terminate electronic notification to Andrew A. Smith and Scott L. Evans as counsel of record on behalf of Dillon Companies and to remove them from the court's Notice of Electronic Filing. Text Only Entry by Magistrate Judge Craig B. Shaffer on 9/5/12.(cbssec) (Entered: 09/05/2012) |
| 09/12/2012 | 115 |  | BRIEF in Support of 107 OBJECTION/Appeal of Magistrate Judge Decision to District Court re 95 Order on Motion to Quash,,, Order on Motion to Amend/Correct/Modify,,, Motion Hearing,,, Set/Reset Deadlines/Hearings,, by Interested Party Dillon Companies, Inc.. filed by Interested Party Dillon Companies, Inc.. (Attachments: # 1 |

| | | | |
|---|---|---|---|
| | | | Exhibit A – Subpoena to Produce Documents, Information Or Objects or to Permit Inspection of Premises in This Action, #_2 Exhibit D – Declaration of Susan Giannola Pursuant to 28 U.S.C. § 1746)(McCormick, Michael) (Entered: 09/12/2012) |
| 09/13/2012 | 116 | | SUPPLEMENT/AMENDMENT to_99 Status Report,, by Interested Party Dillon Companies, Inc.. (Attachments: #_1 Restricted Level 1 – Restricted Attachment Ex F – Letter dated 09–12–2012)(McCormick, Michael) Modified on 9/14/2012 to add Restriction Level 1 to the attachment pursuant to chambers instructions(klyon, ). (Entered: 09/13/2012) |
| 09/13/2012 | 117 | | SUPPLEMENT/AMENDMENT to_99 Status Report,, *Second Supplement* by Interested Party Dillon Companies, Inc.. (Attachments: #_1 Exhibit Ex G – Declaration of Ron Prior)(McCormick, Michael) (Entered: 09/13/2012) |
| 09/13/2012 | 118 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (Taravella, Christopher) (Entered: 09/13/2012) |
| 09/14/2012 | 119 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Status Conference held on 9/14/2012. Status Conference set for 10/3/2012 03:30 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. FTR: Robin Mason. (cbscd, ) (Entered: 09/14/2012) |
| 09/14/2012 | 120 | | TRANSCRIPT of Motion Hearing held on 08/17/2012 before Magistrate Judge Shaffer. Pages: 1–51.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court |

| | | | |
|---|---|---|---|
| | | | Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 12/17/2012. (Avery Woods Reporting, ) (Entered: 09/14/2012) |
| 09/14/2012 | <u>121</u> | | TRANSCRIPT of Motion Hearing held on 07/16/2012 before Magistrate Judge Shaffer. Pages: 1–80.<br><br>**<span style="color:red">NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.</span>**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 12/17/2012. (Avery Woods Reporting, ) (Entered: 09/14/2012) |
| 09/17/2012 | 122 | | MEMORANDUM regarding <u>118</u> MOTION for Leave to Restrict Document filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 9/17/12. Text Only Entry (msksec, ) (Entered: 09/17/2012) |
| 09/17/2012 | <u>123</u> | | RESPONSE to <u>107</u> Objection/Appeal of Magistrate Judge Decision filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2)(Craigmile, Kathleen) (Entered: 09/17/2012) |
| 09/21/2012 | <u>124</u> | | RESPONSE to <u>109</u> MOTION to Stay *(Partial) of the August 17, 2012 Magistrate Judge's Order* filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: 09/21/2012) |
| 09/21/2012 | <u>125</u> | | RESPONSE to <u>110</u> MOTION for Reconsideration re <u>95</u> Order on Motion to Quash,,, Order on Motion to Amend/Correct/Modify,,, Motion Hearing,,, |

| | | | |
|---|---|---|---|
| | | | Set/Reset Deadlines/Hearings,, filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: #_1 Exhibit 1, #_2 Exhibit 2, #_3 Exhibit 3, #_4 Exhibit 4)(Craigmile, Kathleen) (Entered: 09/21/2012) |
| 09/24/2012 | 126 | | TRANSCRIPT of Motions Hearing held on 06/25/2012 before Magistrate Judge Shaffer. Pages: 1–92. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 12/27/2012. (Avery Woods Reporting, ) (Entered: 09/24/2012) |
| 10/01/2012 | 127 | | REPLY to Response to_107 Objection/Appeal of Magistrate Judge Decision to District Court,,, filed by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 10/01/2012) |
| 10/02/2012 | 128 | | STATUS REPORT for October 3, 2012 Hearing by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: #_1 Restricted Attachment Exhibit 1, #_2 Restricted Attachment Exhibit 2, #_3 Restricted Attachment Exhibit 3, #_4 Restricted Attachment Exhibit 4, #_5 Exhibit 5, #_6 Exhibit 6)(Craigmile, Kathleen) Modified on 10/9/2012 to add Restriction Level 1 to Exhibits 1, 2, 3, and 4 pursuant to Order dated 10/9/2012 (klyon, ). (Entered: 10/02/2012) |
| 10/03/2012 | 129 | | TRANSCRIPT of Status Conference held on 09/14/2012 before Magistrate Judge Shaffer. Pages: 1–62. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the** |

| | | | |
|---|---|---|---|
| | | | **Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 1/7/2013. (Avery Woods Reporting, ) (Entered: 10/03/2012) |
| 10/03/2012 | 135 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Status Conference held on 10/3/2012. The court advises the parties that they shall engage in a telephonic Status Conference every Friday, beginning on October 12, 2012 at 1:30 p.m. unless an order from the court is issued to vacate the hearing. Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time. FTR: Robin Mason. (cbscd, ) (Entered: 10/11/2012) |
| 10/05/2012 | 130 | | MOTION for Leave to Restrict Document by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: 10/05/2012) |
| 10/05/2012 | 131 | | MEMORANDUM regarding 130 MOTION for Leave to Restrict Document filed by Western Truck One, LLC, Western Convenience Stores, Inc.. Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 10/5/12. Text Only Entry (msksec, ) (Entered: 10/05/2012) |
| 10/05/2012 | 132 | | REPLY to Response to 110 MOTION for Reconsideration re 95 Order on Motion to Quash,,, Order on Motion to Amend/Correct/Modify,,, Motion Hearing,,, Set/Reset Deadlines/Hearings,, filed by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A to Reply in Support of Motion for Reconsideration)(McCormick, Michael) (Entered: 10/05/2012) |
| 10/05/2012 | 133 | | REPLY to Response to 109 MOTION to Stay |

| | | | |
|---|---|---|---|
| | | | *(Partial) of the August 17, 2012 Magistrate Judge's Order* filed by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A to Reply in Support of Motion for Partial Stay)(McCormick, Michael) (Entered: 10/05/2012) |
| 10/09/2012 | 134 | | ORDER granting 130 Motion for Leave to Restrict by Magistrate Judge Craig B. Shaffer on 10/9/2012.(klyon, ) (Entered: 10/09/2012) |
| 10/11/2012 | 136 | | TRANSCRIPT of Status Conference held on 10/03/2012 before Magistrate Judge Shaffer. Pages: 1–93.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 1/14/2013. (Avery Woods Reporting, ) (Entered: 10/11/2012) |
| 10/11/2012 | 137 | | Third STATUS REPORT *Supplement* by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A – Letter dated 10–5–2012, # 2 Exhibit B – E–mail dated 10–5–2012)(McCormick, Michael) (Entered: 10/11/2012) |
| 10/12/2012 | 138 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Telephonic Status Conference held on 10/12/2012. The court advises that plaintiff's counsel get in touch with Dillion by the close of business on October 31, 2012 as to whether or not their production in response to page 8 (request for production numbers: 5B, 5C, 5D, 5F, 5G, and 5H) will suffice or not. The court would like to know if there is closure on this request. Ifnot, then what the next step should be. The court would like to |

| | | | |
|---|---|---|---|
| | | | be copied onwhatever communication is sent to Dillion. The court advises that plaintiff's counsel get in touch with Dillion by the close of business on October 31, 2012 as to whether or not their production in response to page 13 (request for production number 8) will suffice or not. The court would like to know if there is closure on this request. If not, then what the next step should be. The court would like to be copied on whatever communication is sent to Dillion. The court advises that plaintiff's counsel get in touch with Dillion by the close of business on October 31, 2012 as to whether or not their production in response to request for production number 9 will suffice or not. The court would like to know if there is closure on this request. If not, then what the next step should be. The court would like to be copied on whatever communication is sent to Dillion. The parties shall have their protective order (which shall be signed by all parties) filed with the court by noon on October 16, 2012. If the protective order is not filed, the court shall set a hearing on the motion to compel that will be filed. FTR: Robin Mason. (cbscd, ) (Entered: 10/12/2012) |
| 10/16/2012 | 139 | | MOTION for Protective Order (Supplemental) by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Proposed Document Supplemental Protective Order)(Craigmile, Kathleen) (Entered: 10/16/2012) |
| 10/17/2012 | 140 | | SUPPLEMENTAL PROTECTIVE ORDER signed by Magistrate Judge Craig B. Shaffer on 10/17/12. (cbssec) (Entered: 10/17/2012) |
| 10/17/2012 | 141 | | ORDER granting 139 Motion for Protective Order. ORDERED that parties MUST fully comply with all provisions of D.C.ColoL.CivR. 7.2, specifically those provisions dealing with filing documents under seal. FURTHER ORDERED that due to a conflict on the court's calendar the start time for the Telephonic Status Conference on 10/19/2012 has been changed to 10:00 AM (Mountain Time) before Magistrate Judge Craig B. Shaffer. Text Only Entry by Magistrate Judge Craig B. Shaffer on 10/17/12. (cbssec) (Entered: 10/17/2012) |
| 10/17/2012 | 142 | | Fourth STATUS REPORT by Interested Party Dillon Companies, Inc.. (Taravella, Christopher) (Entered: 10/17/2012) |

| 10/18/2012 | 143 | | Fifth STATUS REPORT by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Envelope A – Letter dated 10–17–2012)(Taravella, Christopher) (Entered: 10/18/2012) |
|---|---|---|---|
| 10/19/2012 | 144 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Telephonic Status Conference held on 10/19/2012. The court shall engage in one more telephonic Status Conference set for October 26, 2012 at 1:30 p.m. At this hearing, the parties shall be prepared to update the court as to where Western Convenience Stores and Suncor Energy are with the discovery process and when it will be completed. Dillion Companies is not required to participate in this hearing. Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time. FTR: Robin Mason. (cbscd, ) (Entered: 10/19/2012) |
| 10/19/2012 | 145 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Amended re 144 Minute Entry. Amended to reflect the correct start time of the hearing. FTR: Robin Mason. (cbscd, ) (Entered: 10/19/2012) |
| 10/26/2012 | 146 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Telephonic Status Conference held on 10/26/2012. The discovery deadlines are now as follows: the discovery cut off is February 22, 2013 (except expert depositions); the dispositive motions deadline is February 8, 2013; the affirmative expert deadline is January 22, 2013; and the rebuttal expert deadline is February 22, 2013. A telephonic Status Conference is set for November 2, 2012 at 1:30 p.m. The parties should be prepared to update the court as to the status of this case. Dillion counsel shall also be prepared to address their pending referred motions. Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time. FTR: Robin Mason. (cbscd, ) (Entered: 10/29/2012) |
| 11/02/2012 | 147 | | MINUTE ORDER pursuant to unopposed request via e–mail by counsel for interested party, Dillon, that the Status Conference set Friday, November 2, 2012 at 1:30 p.m. be postponed for one week. The Status Conference set Friday, November 2, 2012 at 1:30 is hereby VACATED AND RESET |

| | | | |
|---|---|---|---|
| | | | to Friday, November 9, 2012 at 1:30 p.m. in Courtroom A–402 before Magistrate Judge Craig B. Shaffer. By Magistrate Judge Craig B. Shaffer on 11/2/2012. Text Only Entry (cbslc1) (Entered: 11/02/2012) |
| 11/09/2012 | 148 | | MINUTE ORDER by Magistrate Judge Craig B. Shaffer on 11/9/2012 pursuant to unopposed request via e–mail by counsel for interested party, Dillon, that the telephonic Status Conference set Friday, November 9, 2012 at 1:30 p.m. be postponed for one week. The telephonic Status Conference set Friday, November 9, 2012 at 1:30 is hereby VACATED AND RESET to Friday, November 16, 2012 at 1:30 p.m. in Courtroom A–402 before Magistrate Judge Craig B. Shaffer. Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time. Text Only Entry (cbscd) (Entered: 11/09/2012) |
| 11/16/2012 | 149 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Telephonic Status Conference held on 11/16/2012. The court DENIES without prejudice 109 Motion to Stay. The court DENIES without prejudice 110 Motion for Reconsideration. The court GRANTS 118 Motion for Leave to Restrict. FTR: Robin Mason. (cbscd, ) (Entered: 11/19/2012) |
| 12/11/2012 | 150 | | ORDER setting a Telephonic Discovery Conference for 12/12/2012 at 1:30 PM before Magistrate Judge Craig B. Shaffer, pursuant to a telephonic request made by counsel for Plaintiff. *Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time.* Text Only Entry by Magistrate Judge Craig B. Shaffer on 12/11/12. (cbssec) (Entered: 12/11/2012) |
| 12/11/2012 | 151 | | ORDER changing the start time for the 12/12/12 hearing due to a conflict on the court's calendar. ORDERED that the Telephonic Discovery Conference will begin at 2:00 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. *Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time.* Text Only Entry (cbssec) (Entered: 12/11/2012) |
| 12/12/2012 | 152 | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Telephonic |

| | | | |
|---|---|---|---|
| | | | Discovery Hearing held on 12/12/2012. FTR: Robin Mason. (cbscd, ) (Entered: 12/12/2012) |
| 12/18/2012 | 153 | | Renewed MOTION for Order to *on Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order* by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Restricted Document Level 1 – Restricted Attachment Exhibit A, # 2 Restricted Document – Level 1 Restricted Attachment Exhibit B, # 3 Exhibit C)(Bennington, Kenneth) Modified on 1/3/2013 to add Level 1 Restriction to Exhibits A and B pursuant to instructions from chambers (klyon, ). (Entered: 12/18/2012) |
| 12/18/2012 | 154 | | MEMORANDUM regarding 153 Renewed MOTION for Order to *on Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Judge Marcia S. Krieger on 12/18/12. Text Only Entry (msksec, ) (Entered: 12/18/2012)* |
| 12/19/2012 | 155 | | ORDER setting hearing on Plaintiffs' 153 Renewed MOTION for Order to on Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order. ORDERED that a Motion Hearing will be held on 1/28/2013 at 1:30 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry by Magistrate Judge Craig B. Shaffer on 12/19/12. (cbssec) (Entered: 12/19/2012) |
| 12/21/2012 | 156 | | ORDER setting a Telephonic Discovery Hearing for 12/21/2012 at 3:00 PM before Magistrate Judge Craig B. Shaffer, pursuant to a request made by counsel for Plaintiffs. *Counsel shall coordinate to create a conference call among themselves before contacting the court (303.844.2117) at the scheduled time.* Text Only Entry by Magistrate Judge Craig B. Shaffer on 12/21/12. (cbssec) (Entered: 12/21/2012) |
| 12/21/2012 | 157 | | MINUTE ENTRY for proceedings held before |

| | | | |
|---|---|---|---|
| | | | Magistrate Judge Craig B. Shaffer: Telephonic Discovery Hearing held on 12/21/2012. FTR: Robin Mason. (cbscd, ) (Entered: 12/26/2012) |
| 01/02/2013 | 158 | | MOTION for Leave to Restrict Document by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 01/02/2013) |
| 01/03/2013 | 159 | | MOTION to Quash *or Modify Kroger and Wilson Subpoenas* by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(McCormick, Michael) (Entered: 01/03/2013) |
| 01/03/2013 | 160 | | MEMORANDUM regarding 158 MOTION for Leave to Restrict Document filed by Western Truck One, LLC, Western Convenience Stores, Inc.. Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 1/3/13. Text Only Entry (msksec, ) (Entered: 01/03/2013) |
| 01/03/2013 | 161 | | MEMORANDUM regarding 159 MOTION to Quash *or Modify Kroger and Wilson Subpoenas* filed by Dillon Companies, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 1/3/13. Text Only Entry (msksec, ) (Entered: 01/03/2013) |
| 01/07/2013 | 162 | | ORDER setting hearing on 159 MOTION to Quash or Modify Kroger and Wilson Subpoenas. ORDERED that the motion will be heard at the Motion Hearing previously set for 1/28/2013 at 1:30 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. FURTHER ORDERED that a response to the instant motion shall be filed no later than on or before 1/24/13. No reply will be permitted except with leave of the Court. Text Only Entry by Magistrate Judge Craig B. Shaffer on 1/7/13. (cbssec) (Entered: 01/07/2013) |
| 01/10/2013 | 163 | | ORDER granting 158 Motion for Leave to Restrict by Magistrate Judge Craig B. Shaffer on 1/10/13. Text Only Entry(cbssec) (Entered: 01/10/2013) |
| 01/11/2013 | 164 | | RESPONSE to 153 Renewed MOTION for Order to *on Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective filed by Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1* |

| | | | |
|---|---|---|---|
| | | | *Exhibit 1, # 2 Exhibit 2)(Shaheen, Anthony) (Entered: 01/11/2013)* |
| 01/11/2013 | 165 | | RESTRICTED DOCUMENT – Level 1: by Interested Party Dillon Companies, Inc... (Attachments: # 1 Affidavit Supplemental Declaration of Susan Giannola Pursuant to 28 U.S.C. § 1746, # 2 Affidavit Declaration of Chad Thiessen Pursuant to 28 U.S.C. § 1746)(McCormick, Michael) (Entered: 01/11/2013) |
| 01/11/2013 | 166 | | RESPONSE In Opposition to Plaintiff's 153 Renewed MOTION Challenging Designation of Certain Documents and Data filed by Interested Party Dillon Companies, Inc. (Public Entry for Restricted Document – Level 1 165 ) (Text only entry) (klyon, ) (Entered: 01/14/2013) |
| 01/24/2013 | 167 | | Joint STATUS REPORT *Regarding Motion to Quash or Modify Kroger and Wilson Subpoenas by Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC and* by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 01/24/2013) |
| 01/25/2013 | 168 | | NOTICE *of Submission of Declaration of Plaintiffs' Expert, Ted P. Tatos, in Support of Plaintiffs' Motion Challenging Defendant Suncor's and Interested Party Dillon's Designation of Certain Documents and Data as "Highly Confidential" and "Secret" Pursuant to the Supplemental Protective Order* by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC (Attachments: # 1 Exhibit 1 – Declaration of Ted P. Tatos)(Craigmile, Kathleen) (Entered: 01/25/2013) |
| 01/25/2013 | 169 | | RESTRICTED DOCUMENT – Level 2: by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC.. (Craigmile, Kathleen) (Entered: 01/25/2013) |
| 01/25/2013 | 170 | | MOTION for Leave to Restrict Document by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Craigmile, Kathleen) (Entered: 01/25/2013) |
| 01/25/2013 | 171 | | MEMORANDUM regarding 170 MOTION for Leave to Restrict Document filed by Western Truck One, LLC, Western Convenience Stores, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 1/25/13. Text Only Entry (msksec, ) (Entered: |

| | | | 01/25/2013) |
|---|---|---|---|
| 01/25/2013 | <u>172</u> | | MOTION to Amend/Correct/Modify <u>165</u> Restricted Document – Level 1, *For Leave to File Supplement To Its Response To Plaintiffs' Renewed Motion Challenging Designation* by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 01/25/2013) |
| 01/25/2013 | <u>173</u> | | SUPPLEMENT/AMENDMENT to <u>165</u> Restricted Document – Level 1, *To Response To Plaintiffs' Renewed Motion Challenging Designation of Certain Documents and Data (Declaration of Ed Sharpe)* by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 01/25/2013) |
| 01/25/2013 | <u>174</u> | | RESTRICTED DOCUMENT – Level 1: by Interested Party Dillon Companies, Inc... (McCormick, Michael) (Entered: 01/25/2013) |
| 01/25/2013 | <u>175</u> | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 01/25/2013) |
| 01/25/2013 | 176 | | DECLARATION of Ed Sharpe Pursuant to 28 U.S.C. 1746 by Interested Party Dillon Companies, Inc. (Public entry for Restricted Document – Level 1 <u>174</u> ) (Text only entry) (klyon, ) (Entered: 01/28/2013) |
| 01/28/2013 | 177 | | MEMORANDUM regarding <u>172</u> MOTION to Amend/Correct/Modify <u>165</u> Restricted Document – Level 1, *For Leave to File Supplement To Its Response To Plaintiffs' Renewed Motion Challenging Designation* filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 1/28/13. Text Only Entry (msksec, ) (Entered: 01/28/2013) |
| 01/28/2013 | 178 | | MEMORANDUM regarding <u>175</u> MOTION for Leave to Restrict Document filed by Dillon Companies, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 1/28/13. Text Only Entry (msksec, ) (Entered: 01/28/2013) |
| 01/28/2013 | <u>179</u> | | MINUTE ENTRY for proceedings held before Magistrate Judge Craig B. Shaffer: Motion Hearing held on 1/28/2013. The court DENIES <u>153</u> Motion for Order. The court shall treat this motion like a motion for reconsideration. The court will not change the designation nor will it require, based on the showing set forth in this |

| | | | |
|---|---|---|---|
| | | | motion, that Dillon or Suncor change those designations. The court informs the parties that it feels that the phrase information "derived from" is too broad. The court DENIES AS MOOT 159 Motion to Quash. FTR: Robin Mason. (cbscd, ) (Entered: 01/29/2013) |
| 02/06/2013 | 180 | | TRANSCRIPT of Motions Hearing held on January 28, 2013 before Magistrate Judge Shaffer. Pages: 1–56. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 5/10/2013. (Avery Woods Reporting, ) (Entered: 02/06/2013) |
| 02/08/2013 | 181 | | MOTION for Summary Judgment *on Plaintiffs' Second, Third, Fourth and Fifth Claims for Relief* by Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Exhibit A, SuncorPurchase# 2 Exhibit B, EwingDepo, # 3 Exhibit C, SuncorEFTAuthAgreement, # 4 Exhibit D, SEwingAffidavit, # 5 Exhibit E, 9–28–11MotionHearingTranscript, # 6 Exhibit F, JusticeDeptRelease, # 7 Exhibit G, DKriskovichDepo, # 8 Exhibit H, Suncor5–25–11Ltr, # 9 Exhibit I, TreasuryInfoReport, # 10 Exhibit J, CWehrle Depo, # 11 Exhibit K, TThomasEmail, # 12 Exhibit L, HTaraghiDepo, # 13 Exhibit M, PiscatelliDepo, # 14 Exhibit N, TerminalAccessAgreement, # 15 Exhibit O, TreasuryInfoReport)(Shaheen, Anthony) (Entered: 02/08/2013) |
| 02/08/2013 | 182 | | MOTION for Summary Judgment *on Counterclaim Against WCS, Inc. and Third−Party Claim Against Hossein and Debra* |

| | | | |
|---|---|---|---|
| | | | *Taraghi* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #_1_ Exhibit A, 9–28–11MotionHearingTranscript, #_2_ Exhibit B, SuncorPurchase#_3_ Exhibit C, SEwingDepo, #_4_ Exhibit D, Suncor EFTAuthorization, #_5_ Exhibit E, SEwingAffidavit, #_6_ Exhibit F, JusticeDepartmentRelease, #_7_ Exhibit DKriskovichDepo, #_8_ Exhibit H, Suncor 5–25–11 Ltr, #_9_ Exhibit I, TreasuryInfoReport, #_10_ Exhibit J, CWehrleDepo, #_11_ Exhibit K, TThomasEmail, #_12_ Exhibit L, HTaraghiDepo, #_13_ Exhibit M, PiscatelliDepo, #_14_ Exhibit N, MConnerAffidavit, #_15_ Exhibit O, TaraghiPersonalGuaranty, #_16_ Exhibit P, Suncor 6–9–11 Ltr)(Shaheen, Anthony) (Entered: 02/08/2013) |
| 02/08/2013 | _183_ | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 02/08/2013) |
| 02/08/2013 | _184_ | | RESTRICTED DOCUMENT – Level 2: by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc... (Shaheen, Anthony) (Entered: 02/08/2013) |
| 02/08/2013 | _185_ | | RESTRICTED DOCUMENT – Level 2: by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc... (Attachments: #_1_ Continuation of Main Document Exhibit Index to Suncor's SJ Brief, #_2_ Exhibit A, Glick–Tatos ExpertReport, #_3_ Exhibit B, Moss Depo, #_4_ Exhibit C, Thiessen Depo, #_5_ Exhibit D, Wilson Depo, #_6_ Exhibit E, Ewing Depo, #_7_ Exhibit F, KrogerProposalRequest, #_8_ Exhibit G, Kroger 4/2/04 Ltr, #_9_ Exhibit H, Kroger 12/21/05 Ltr, #_10_ Exhibit I, Wilson Email 2–11–08, #_11_ Exhibit J, Moss Email 2–29–08, #_12_ Exhibit K, ProdPurchSale–Agmt, #_13_ Exhibit L, Wilson Email 3–13–08, #_14_ Exhibit M, Moss Email 3–31–08, #_15_ Exhibit N, Moss Email 5–16–08, #_16_ Exhibit O, Moss Email 7–31–09, #_17_ Exhibit P, ProdPurchSaleAgmnt, #_18_ Exhibit Q, Wilson Email 11–25–09, #_19_ Exhibit R, Moss Email 12–14–09, #_20_ Exhibit R–1 ConfirmPurchSaleAgmnt, #_21_ Exhibit R–2 ProdPurchSaleAgmntAdden, #_22_ Exhibit S, HTaraghi Depo, #_23_ Exhibit T, WCS Fuel Margines, #_24_ Exhibit U, WCS SameStoreSales, |

| | | | |
|---|---|---|---|
| | | | #_25_ Exhibit V, Pricing Survey, #_26_ Exhibit W, Giannola Depo, #_27_ Exhibit X, Griffin Affidavit, #_28_ Exhibit Y, Piscatelli Depo, #_29_ Exhibit Z, Mayes ExpertReport, #_30_ Exhibit AA, Shields Declaration)(Shaheen, Anthony) (Entered: 02/08/2013) |
| 02/11/2013 | 186 | | MEMORANDUM regarding _183_ MOTION for Leave to Restrict Document filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 2/11/13. Text Only Entry (msksec, ) (Entered: 02/11/2013) |
| 02/11/2013 | _187_ | | OBJECTION/Appeal of Magistrate Judge Decision to District Court re _179_ Order on Motion for Order,,, Order on Motion to Quash,,, Motion Hearing,, by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 02/11/2013) |
| 02/12/2013 | _188_ | | MOTION for Leave to Restrict Document by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Shaheen, Anthony) (Entered: 02/12/2013) |
| 02/14/2013 | _189_ | | Joint MOTION to Amend/Correct/Modify _28_ Scheduling Order *and Extend Certain Deadlines* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Shaheen, Anthony) (Entered: 02/14/2013) |
| 02/15/2013 | 190 | | MEMORANDUM regarding _189_ Joint MOTION to Amend/Correct/Modify _28_ Scheduling Order *and Extend Certain Deadlines* filed by Suncor Energy (U.S.A.) Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 2/15/13. Text Only Entry (msksec, ) (Entered: 02/15/2013) |
| 02/15/2013 | 191 | | ORDER by Magistrate Judge Craig B. Shaffer on 2/15/2013 granting _189_ Motion to Amend/Correct/Modify. Text Only Entry(cbscd, ) (Entered: 02/15/2013) |
| 02/25/2013 | _192_ | | RESPONSE to _187_ Objection/Appeal of Magistrate Judge Decision filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: #_1_ Restricted Attachment Exhibit 1)(Bennington, Kenneth) Modified on 8/23/2013 to add Level 2 restriction to attachment #1 pursuant to 196 Order dated |

| | | | |
|---|---|---|---|
| | | | 3/13/2013 (klyon, ). (Entered: 02/25/2013) |
| 03/06/2013 | 193 | | RESPONSE to 188 MOTION for Leave to Restrict Document filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 03/06/2013) |
| 03/11/2013 | 194 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) Modified on 3/13/2013 to add Level 2 Restriction pursuant to Order dated 3/13/2013 (klyon, ). (Entered: 03/11/2013) |
| 03/11/2013 | 195 | | REPLY to Response to 187 Objection/Appeal of Magistrate Judge Decision to District Court filed by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 03/11/2013) |
| 03/13/2013 | 196 | | ORDER: THIS MATTER comes before the Court on the 194 Unopposed Expedited Motion for Leave to Restrict Access by Interested Party Dillon Companies, Inc. (Motion). Without determining whether public access to [192-1] ultimately should be restricted, it appears that it was filed without appropriate designation as a Level 2 restriction. The Clerk shall restrict access to such document at Level 2 until the Motion is finally determined. by Chief Judge Marcia S. Krieger on 3/13/13. Text Only Entry(msksec, ) (Entered: 03/13/2013) |
| 03/13/2013 | 197 | | TRANSCRIPT of Telephonic Discovery Conference held on 12-12-12 before Magistrate Judge Shaffer. Pages: 1-25.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of |

| | | | |
|---|---|---|---|
| | | | Transcript Restriction set for 6/14/2013. (Avery Woods Reporting, ) (Entered: 03/13/2013) |
| 03/13/2013 | 198 | | RESTRICTED DOCUMENT – Level 1: by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC.. (Attachments: # 1 Restricted Attachment Exhibit 1, # 2 Restricted Attachment Exhibit 2, # 3 Restricted Attachment Exhibit 3, # 4 Restricted Attachment Exhibit 4, # 5 Restricted Attachment Exhibit 5, # 6 Restricted Attachment Exhibit 6, # 7 Restricted Attachment Exhibit 7, # 8 Restricted Attachment Exhibit 8, # 9 Restricted Attachment Exhibit 9, # 10 Restricted Attachment Exhibit 10, # 11 Restricted Attachment Exhibit 11, # 12 Restricted Attachment Exhibit 12, # 13 Restricted Attachment Exhibit 13, # 14 Restricted Attachment Exhibit 14, # 15 Restricted Attachment Exhibit 15, # 16 Restricted Attachment Exhibit 16, # 17 Restricted Attachment Exhibit 17, # 18 Restricted Attachment Exhibit 18, # 19 Restricted Attachment Exhibit 19, # 20 Restricted Attachment Exhibit 20, # 21 Restricted Attachment Exhibit 21, # 22 Restricted Attachment Exhibit 22, # 23 Restricted Attachment Exhibit 23, # 24 Restricted Attachment Appendix 1 to Exhibit 23, # 25 Restricted Attachment Appendix 2 to Exhibit 23, # 26 Restricted Attachment Appendix 3 to Exhibit 23, # 27 Restricted Attachment Exhibit 24, # 28 Restricted Attachment Exhibit 25, # 29 Restricted Attachment Exhibit 26, # 30 Restricted Attachment Exhibit 27, # 31 Restricted Attachment Exhibit 28, # 32 Restricted Attachment Exhibit 29, # 33 Restricted Attachment Exhibit 30, # 34 Restricted Attachment Exhibit 31)(Bennington, Kenneth) Modified on 3/15/2013. Public entry for this document can be found at docket # 199 (klyon, ). (Entered: 03/13/2013) |
| 03/13/2013 | 199 | | NOTICE re 198 Restricted Document – Level 1,,,,,, by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC (Bennington, Kenneth) (Entered: 03/13/2013) |
| 03/13/2013 | 200 | | RESPONSE to 181 MOTION for Summary Judgment on Plaintiffs' Second, Third, Fourth and Fifth Claims for Relief by Defendant Suncor Energy (U.S.A.) Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Bennington, Kenneth) |

| | | | |
|---|---|---|---|
| | | | Modified on 3/14/2013 to correct linkage and docket relationship. (klyon, ). (Entered: 03/13/2013) |
| 03/13/2013 | 201 | | RESPONSE to 182 MOTION for Summary Judgment *on Counterclaim Against WCS, Inc. and Third–Party Claim Against Hossein and Debra Taraghi* filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 03/13/2013) |
| 03/20/2013 | 202 | | NOTICE of Intent to Request Redaction by Michael Robert McCormick re 197 Transcript,,, (McCormick, Michael) (Entered: 03/20/2013) |
| 03/21/2013 | 203 | | RESTRICTED DOCUMENT – Level 1: by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC.. (Attachments: # 1 Restricted Attachment Corrected Page 52 to Plaintiffs' Response)(Bennington, Kenneth) (Entered: 03/21/2013) |
| 03/21/2013 | 204 | | ERRATA to Plaintiff's Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense (Doc. 198 ) by Plaintiffs Western Convenience Stores, Inc. and Western Truck One, LLC. (Public Entry for Restricted Document – Level 1 203 ) (Text only entry) (klyon, ) (Entered: 03/21/2013) |
| 03/25/2013 | 205 | | REPLY to Response to 188 MOTION for Leave to Restrict Document filed by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Exhibit Exhibit 1, 1/28/13 Hearing Transcript)(Shaheen, Anthony) (Entered: 03/25/2013) |
| 03/27/2013 | 206 | | Unopposed MOTION for Leave to *File Response to Plaintiff's Response to Suncor's Motion to Restrict Access* 193 Response to Motion, 188 MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Access Response, # 2 Exhibit A, # 3 Exhibit C, # 4 Exhibit E, # 5 Exhibit F)(McCormick, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 207 | | RESTRICTED DOCUMENT – Level 1: by Interested Party Dillon Companies, Inc... (McCormick, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 208 | | RESTRICTED DOCUMENT – Level 1: by Interested Party Dillon Companies, Inc... |

| | | | |
|---|---|---|---|
| | | | (McCormick, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 209 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 210 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 211 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 212 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 03/27/2013) |
| 03/27/2013 | 213 | | Exhibits B and D in Support of 206 Unopposed MOTION for Leave to File Response to Plaintiff's Response to Suncor's Motion to Restrict Access 193 Response to Motion, 188 MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc. (Public Entry for 207 Restricted Document – Level 1 amd 208 Restricted Document – Level 1)(Text only entry) (klyon, ) (Entered: 03/28/2013) |
| 03/28/2013 | 214 | | ORDER granting 206 Motion for Leave to File Response to Plaintiff's Response to to Suncor's Motionto Restrict Access. The response shall be filed by separate docket entry. by Chief Judge Marcia S. Krieger on 3/28/13. Text Only Entry(msksec, ) (Entered: 03/28/2013) |
| 03/29/2013 | 215 | | MEMORANDUM regarding 212 MOTION for Leave to Restrict Document filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 3/29/13. Text Only Entry (msksec, ) (Entered: 03/29/2013) |
| 03/29/2013 | 216 | | REPLY to Response to 182 MOTION for Summary Judgment *on Counterclaim Against WCS, Inc. and Third−Party Claim Against Hossein and Debra Taraghi* filed by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Exhibit Q, Depo Stephen Moss, Vol II)(Shaheen, Anthony) (Entered: 03/29/2013) |
| 03/29/2013 | 217 | | REPLY to Response to 181 MOTION for Summary Judgment *on Plaintiffs' Second, Third, Fourth and Fifth Claims for Relief* filed by |

| | | | |
|---|---|---|---|
| | | | ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Exhibit P, Complaint, # 2 Exhibit Q, Depo Stephen Moss, Vol. 2, # 3 Exhibit R, Declaration of Hossein Taraghi, # 4 Exhibit S, Depo of Chris Wehrle)(Shaheen, Anthony) (Entered: 03/29/2013) |
| 03/29/2013 | 218 | | Unopposed MOTION for Leave to *Restrict Access to Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Shaheen, Anthony) (Entered: 03/29/2013) |
| 03/29/2013 | 219 | | RESTRICTED DOCUMENT – Level 2: by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc... (Attachments: # 1 Exhibit BB, # 2 Exhibit CC, # 3 Exhibit DD, # 4 Exhibit EE, # 5 Exhibit FF, # 6 Exhibit GG, # 7 Exhibit HH)(Shaheen, Anthony) (Entered: 03/29/2013) |
| 04/03/2013 | 220 | | RESPONSE to 188 MOTION for Leave to Restrict Document *and Plaintiff's Response Doc. #193* filed by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit C, # 3 Exhibit E, # 4 Exhibit F)(McCormick, Michael) (Entered: 04/03/2013) |
| 04/09/2013 | 221 | | REDACTED TRANSCRIPT of Telephonic Discovery Conference held on 12–12–12 before Magistrate Judge Shaffer. Pages: 1–25. Redaction of 197 Transcript,,,. (Avery Woods Reporting, ) (Entered: 04/09/2013) |
| 04/10/2013 | 222 | | ORDER granting Plaintiffs' 170 Motion for Leave to Restrict; finding as moot Dillon Companies' 172 Motion for Leave to File Supplement to its Response; granting Dillon Companies' 175 Motion for Leave to Restrict; granting Dillon Companies' 183 Motion for Leave to Restrict; and granting Dillon Companies' 212 Motion for Leave to Restrict. Text Only Entry by Magistrate Judge Craig B. Shaffer on 4/10/13. (cbssec) (Entered: 04/10/2013) |
| 04/10/2013 | 223 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 04/10/2013) |
| 04/10/2013 | 224 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 04/10/2013) |
| 04/22/2013 | 225 | | NOTICE *of Firm Name Change* by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi (Bledsoe, Philip) (Entered: 04/22/2013) |
| 04/26/2013 | 226 | | MOTION for Attorney Fees *and*, MOTION for Costs by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit List of Exhibits, # 2 Affidavit A – Sudkamp Declaration, # 3 Affidavit B – McCormick Declaration, # 4 Exhibit C – MLS 9/24/12 Invoice, # 5 Exhibit D – MLS 10/12/12 Invoice, # 6 Exhibit E – MLS 11/7/12 Invoice, # 7 Exhibit F – MLS 12/18/12 Invoice, # 8 Exhibit G – MLS 1/18/13 Invoice, # 9 Exhibit H – MLS 2/26/13 Invoice, # 10 Exhibit I – MLS 3/15/13 Invoice, # 11 Exhibit J – Chart of Employee Time Spent by Dillon, # 12 Exhibit K – RICOH Invoice, # 13 Exhibit L – Dinsmore Invoice, # 14 Exhibit M – Costs – Jennifer McClenahan, # 15 Exhibit N – Costs – Chad Thiessen, # 16 Exhibit O – Profile – James J. Soran, # 17 Exhibit P – Profile – Christopher A. Taravella, # 18 Exhibit Q – Profile – Michael R. McCormick, # 19 Exhibit R – Profile – Adrienne Toon, # 20 Exhibit S – Chart – Documents Produced by Dillon, # 21 Exhibit T – Chart – Hours and Fees by MLS Timekeeper, # 22 Exhibit U – Chart – MLS Fees, # 23 Exhibit V – Chart – MLS Costs Per Invoice, # 24 Exhibit W – Chart – MLS Costs Per Item, # 25 Exhibit X – Chart – Summary of Dillon Costs, # 26 Exhibit Y – Letter from Western's counsel dated 9–25–12, # 27 Exhibit Z – Letter to Western's counsel dated 1–14–13, # 28 Exhibit AA – Email from counsel for Western dated 2–5–13, # 29 Exhibit BB – Subpoena dated 2–15–13, # 30 Exhibit CC – Letter to Western's Counsel dated 2–21–13, # 31 Exhibit DD – Kroger Third Party Subpoena Fee Schedule, # 32 Exhibit EE – Email from counsel for Western dated 3–12–13)(McCormick, Michael) (Entered: 04/26/2013) |
| 04/29/2013 | 227 | | MEMORANDUM regarding 226 MOTION for Attorney Fees *and* MOTION for Costs filed by Dillon Companies, Inc.Motions referred to |

| | | | |
|---|---|---|---|
| | | | Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 4/29/13. Text Only Entry (msksec, ) (Entered: 04/29/2013) |
| 05/08/2013 | 228 | | ORDER setting hearing on 226 MOTION for Attorney Fees and Costs. ORDERED that a Motion Hearing will be held on 7/2/2013 at 1:30 PM in Courtroom A 402 before Magistrate Judge Craig B. Shaffer. Text Only Entry by Magistrate Judge Craig B. Shaffer on 5/8/13. (cbssec) (Entered: 05/08/2013) |
| 05/14/2013 | 229 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 226 MOTION for Attorney Fees *and* MOTION for Costs by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Bennington, Kenneth) (Entered: 05/14/2013) |
| 05/14/2013 | 230 | | MEMORANDUM regarding 229 Unopposed MOTION for Extension of Time to File Response/Reply as to 226 MOTION for Attorney Fees *and* MOTION for Costs filed by Western Truck One, LLC, Western Convenience Stores, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 5/14/13. Text Only Entry (msksec, ) (Entered: 05/14/2013) |
| 05/14/2013 | 231 | | ORDER granting Plaintiffs' 229 Motion for Extension of Time to File Response to 226 Motion for Attorneys Fees and Costs up to and including June 11, 2013. Text Only Entry by Magistrate Judge Craig B. Shaffer on 5/14/13.(cbssec) (Entered: 05/14/2013) |
| 05/14/2013 | 232 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 05/14/2013) |
| 05/14/2013 | 233 | | NOTICE *Regarding Access to Doc. #192–1* by Interested Party Dillon Companies, Inc. (McCormick, Michael) (Entered: 05/14/2013) |
| 05/21/2013 | 234 | | MEMORANDUM regarding 223 MOTION for Leave to Restrict Document filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 5/21/13. Text Only Entry (msksec, ) (Entered: 05/21/2013) |
| 05/21/2013 | 235 | | MEMORANDUM regarding 224 MOTION for Leave to Restrict Document filed by Dillon Companies, Inc.Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. |

| | | | |
|---|---|---|---|
| | | | Krieger on 5/21/13. Text Only Entry (msksec, ) (Entered: 05/21/2013) |
| 05/23/2013 | <u>236</u> | | TRANSCRIPT of Telephonic Status Conference held on November 16, 2012 before Magistrate Judge Shaffer. Pages: 1−15.<br><br>**<span style="color:red">NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.</span>**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 8/26/2013. (Avery Woods Reporting, ) (Entered: 05/23/2013) |
| 05/23/2013 | <u>237</u> | | TRANSCRIPT of Rule 16(b) Scheduling Conference held on Novemeber 17, 2011 before Magistrate Judge Shaffer. Pages: 1−14.<br><br>**<span style="color:red">NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.</span>**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of Transcript Restriction set for 8/26/2013. (Avery Woods Reporting, ) (Entered: 05/23/2013) |
| 05/28/2013 | 238 | | ORDER granting <u>223</u> and <u>224</u> Motions for Leave to Restrict. ORDERED that documents <u>207</u> and |

| | | | |
|---|---|---|---|
| | | | 208 shall remain restricted at Level One. Text Only Entry by Magistrate Judge Craig B. Shaffer on 5/28/13. (cbssec) (Entered: 05/28/2013) |
| 06/11/2013 | 239 | | RESPONSE to 226 MOTION for Attorney Fees *and* MOTION for Costs filed by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 8, # 5 Exhibit 9)(Bennington, Kenneth) (Entered: 06/11/2013) |
| 06/11/2013 | 240 | | RESTRICTED DOCUMENT – Level 1: by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC.. (Attachments: # 1 Exhibit 5, # 2 Exhibit 6, # 3 Exhibit 7)(Bennington, Kenneth) (Entered: 06/11/2013) |
| 06/11/2013 | 241 | | Exhibit 4 in Support of 239 Response to Motion by Plaintiffs Western Convenience Stores, Inc., Western Truck One, LLC. (Public Entry for 240 Restricted Document – Level 1). Text only entry. (klyon, ) (Entered: 06/12/2013) |
| 06/20/2013 | 242 | | ORDER resetting hearing pursuant to an unopposed request made by counsel. ORDERED that the hearing on 226 MOTION for Attorney Fees and Costs is reset to 7/22/2013 at 1:30 PM before Magistrate Judge Shaffer in Courtroom A402 Text Only Entry by Magistrate Judge Craig B. Shaffer on 6/20/13. (cbssec) (Entered: 06/20/2013) |
| 06/20/2013 | 243 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 226 MOTION for Attorney Fees *and* MOTION for Costs by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 06/20/2013) |
| 06/22/2013 | 244 | | MEMORANDUM regarding 243 Unopposed MOTION for Extension of Time to File Response/Reply as to 226 MOTION for Attorney Fees *and* MOTION for Costs filed by Dillon Companies, Inc. Motions referred to Magistrate Judge Craig B. Shaffer by Chief Judge Marcia S. Krieger on 6/22/13. Text Only Entry (msksec, ) (Entered: 06/22/2013) |
| 06/24/2013 | 245 | | ORDER granting Dillon Companies, Inc.'s 243 Motion for Extension of Time to File Reply to 226 Motion for Fees and Costs. The deadline is extended to 7/12/13. Text Only Entry by Magistrate Judge Craig B. Shaffer on 6/24/13. (cbssec) (Entered: 06/24/2013) |

| 06/25/2013 | 246 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 06/25/2013) |
|---|---|---|---|
| 07/12/2013 | 247 | | REPLY to Response to 226 MOTION for Attorney Fees *and* MOTION for Costs filed by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Appendix Appendix to Reply in Support of Motion for Fees and Costs, # 2 Exhibit List of Exhibits (Amended), # 3 Exhibit FF – Amended &Restated Sudkamp Declaration (showing changes redlined), # 4 Exhibit GG – Amended &Restated Sudkamp Declaration (Executed), # 5 Exhibit HH – Tasks Performed by Dillon Employees, # 6 Exhibit II – Amended Costs Chad Thiessen, # 7 Exhibit JJ – Emails dated June 21, 2013)(McCormick, Michael) (Entered: 07/12/2013) |
| 07/22/2013 | 248 | | COURTROOM MINUTES/MINUTE ORDER for proceedings held before Magistrate Judge Craig B. Shaffer: Motion Hearing held on 7/22/2013. 246 Motion to Restrict Access is GRANTED. The court advises the parties that it will not issue a ruling from the bench but will take 226 Motion for Attorney Fees and Costs under advisement. FTR: Courtroom A402 – C. Covington. (ccovi) (Entered: 07/23/2013) |
| 07/25/2013 | 249 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 07/25/2013) |
| 08/15/2013 | 250 | | TRANSCRIPT of Motion Hearing held on July 22, 2013 before Magistrate Judge Shaffer. Pages: 1–72.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. Release of |

| | | | |
|---|---|---|---|
| | | | Transcript Restriction set for 11/18/2013. (Avery Woods Reporting, ) (Entered: 08/15/2013) |
| 09/05/2013 | 251 | | Opinion and Order Granting In Part and Denying In Part Motions for Summary Judgment. Suncor's Motion for Summary Judgment on WCS' statutory claims (Robinson–Patman Act and C.R.S. § 6–2–108) (# 185 ) is DENIED, and those claims will proceed to trial. Suncor's Motion for Summary Judgment on the Plaintiffs' common–law claims (# 181 ) is GRANTED, and Suncor is entitled to judgment on the Plaintiffs' claims for breach of contract and tortious interference with contract. There being no viable claims asserted on behalf of Plaintiff Western Truck One, LLC, the caption is DEEMED AMENDED to remove reference to that party. Suncor's Motion for Summary Judgment on its own counterclaims (# 182 ) is DENIED, subject to the Court having made certain findings of established fact pursuant to Fed. R. Civ. P. 56(g). The various motions to restrict access (# 188 , 194 , 209 – 211 , 218 , 232 , 249 ) are GRANTED IN PART and DENIED IN PART and the filers of each of the subject documents shall file redacted versions, on the terms set forth herein, within 30 days of the date of this Order. The documents currently under restricted access shall retain those restrictions. Dillon's Objections (# 107 , 187 ) are OVERRULED and the Magistrate Judge's Orders (# 95 , 179 ) are AFFIRMED. Because there are claims proceeding to trial, the parties shall promptly prepare a Proposed Pretrial Order in conformance with the requirements of the Trial Preparation Order (# 29 ) and shall jointly contact chambers to schedule a Pretrial Conference. By Chief Judge Marcia S. Krieger on 9/5/2013.(klyon, ) Modified on 9/5/2013 to remove restriction level as order was restricted in error (klyon, ). (Entered: 09/05/2013) |
| 09/16/2013 | 252 | | ORDER SETTING FINAL PRETRIAL CONFERENCE: Final Pretrial Conference set for **10/30/2013 at 03:00 PM** in Courtroom A 901 before Chief Judge Marcia S. Krieger. Parties shall refer to 29 Trial Preparation Order – Civil for filing requirements and deadlines prior to the conference. by Chief Judge Marcia S. Krieger on 9/16/13. Text Only Entry (msksec, ) (Entered: 09/16/2013) |
| 10/03/2013 | 253 | | |

| | | | |
|---|---|---|---|
| | | | RESTRICTED DOCUMENT – Level 1: by Interested Party Dillon Companies, Inc... (Attachments: #1 Exhibit A – Chart All MSJ Documents, #2 Exhibit B – Chart No Dispute Redactions Stipulated, #3 Exhibit C – Chart No Dispute Redactions Stipulated, #4 Exhibit D – Chart No Dispute Further Redactions Required, #5 Exhibit E – Chart Disputed, Pricing Indices, #6 Exhibit F – Chart Disputed, Other Categories, #7 Exhibit G – 185–15 Moss E–mail, #8 Exhibit H – 185–13 RFP Quantities, #9 Exhibit I – 185–4 Thiessen Dep., #10 Exhibit J – 198–22 Contract DIL–1J045, #11 Exhibit K – 198–16 Accouns Receivable, #12 Exhibit L – 185–26 Giannola Dep., #13 Exhibit M – Thiessen Dec., #14 Exhibit N – First Supp. Thiessen Dec., #15 Exhibit O – Giannola Dec., #16 Exhibit P – First Supp. Giannola Dec., #17 Exhibit Q – Second Supp. Giannola Dec. (unsigned))(McCormick, Michael) (Entered: 10/03/2013) |
| 10/03/2013 | 254 | | MOTION by Interested Non–Party Dillon Companies, Inc. Regarding Court's September 5, 2013 Redaction Order by Interested Party Dillon Companies, Inc.. (Public Entry for 253 Restricted Document Level 1) Text only entry. (klyon, ) (Entered: 10/04/2013) |
| 10/04/2013 | 255 | | RESPONSE to 254 MOTION for Order to *Regarding Court's September 5, 2013 Redaction Order* filed by Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) (Entered: 10/04/2013) |
| 10/17/2013 | 256 | | MOTION for Leave to Restrict Document by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 10/17/2013) |
| 10/21/2013 | 257 | | STATUS REPORT *Regarding Motion (Doc. #253) Concerning Court's Redaction Order* by Interested Party Dillon Companies, Inc.. (Attachments: #1 Exhibit R – Executed Second Supplemental Giannola Declaration, #2 Exhibit S – Updated Chart of MSJ Documents, #3 Exhibit T – Group 1 – No Dispute, No Redactions, #4 Exhibit U – Group 2 – No Dispute, Redactions Stipulated, #5 Exhibit V – Group 3 – No Dispute, Additional Redactions Required, #6 Proposed Order (PDF Only) Proposed Order)(McCormick, Michael) (Entered: 10/21/2013) |
| 10/23/2013 | 258 | | Proposed Pretrial Order by Third Party |

| | | | |
|---|---|---|---|
| | | | Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Attachments: #1 Exhibit 1 – Statement of Claims and Affirmative Defenses, #2 Exhibit 2 – Joint Witness List, #3 Exhibit 3 – Joint Exhibit List)(Bennington, Kenneth) (Entered: 10/23/2013) |
| 10/29/2013 | 259 | | NOTICE *Regarding Intent to Attend Final Pretrial Conference* by Interested Party Dillon Companies, Inc. (McCormick, Michael) (Entered: 10/29/2013) |
| 10/30/2013 | 260 | | MINUTE ENTRY for Final Pretrial Conference held before Chief Judge Marcia S. Krieger on 10/30/2013. A revised proposed Pretrial Order is due by 11/20/2013. A Further Final Pretrial Conference set for 11/20/2013 04:00 PM in Courtroom A 901 before Chief Judge Marcia S. Krieger. Court Reporter: Terri Lindblom.(rebcd) (Entered: 10/31/2013) |
| 11/18/2013 | 261 | | NOTICE *of Unrestricted Filing of Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense and Exhibits Thereto (Doc. 198, et. seq.)* by Plaintiff Western Convenience Stores, Inc. (Attachments: #1 Exhibit Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense (Replaces Doc. 198), #2 Exhibit 1 (Replaces Doc. 198–1), #3 Exhibit 2 (Replaces Exhibit 2 at Doc. 198–2), #4 Exhibit 3 (Replaces Exhibit 3 at Doc. 198–3), #5 Exhibit 4 (Replaces Exhibit 4 at Doc. 198–4), #6 Exhibit 5 (Replaces Exhibit 5 at Doc. 198–5), #7 Exhibit 6 (Replaces Exhibit 6 at Doc. 198–6), #8 Exhibit 7 (Replaces Exhibit 7 at Doc. 198–7), #9 Exhibit 8 (Replaces Exhibit 8 at Doc. 198–8), #10 Exhibit 9 (Replaces Exhibit 9 at Doc. 198–9), #11 Exhibit 10 (Replaces Exhibit 10 at Doc. 198–10), #12 Exhibit 11 (Replaces Exhibit 11 at Doc. 198–11), #13 Exhibit 12 (Replaces Exhibit 12 at Doc. 198–12), #14 Exhibit 13 (Replaces Exhibit 13 at Doc. 198–13), #15 Exhibit 14 (Replaces Exhibit 14 at Doc. 198–14), #16 Exhibit 15 (Replaces Exhibit 15 at Doc. 198–15), #17 Exhibit 16 (Replaces Exhibit 16 at Doc. 198–16), #18 Exhibit 17 (Replaces Exhibit 17 at Doc. 198–17), #19 Exhibit 18 (Replaces Exhibit 18 at Doc. 198–18), #20 Exhibit 19 (Replaces Exhibit 19 at Doc. 198–19), #21 Exhibit 20 (Replaces |

| | | | |
|---|---|---|---|
| | | | Exhibit 20 at Doc. 198–20), #_22_ Exhibit 21 (Replaces Exhibit 21 at Doc. 198–21), #_23_ Exhibit 22 (Replaces Exhibit 22 at Doc. 198–22), #_24_ Exhibit 23 (Replaces Exhibit 23 at Doc. 198–23), #_25_ Exhibit 23, Appendix 1 (Replaces Appendix 1 to Exhibit 23 at Doc. 198–24), #_26_ Exhibit 23, Appendix 2 (Replaces Appendix 2 to Exhibit 23 at Doc. 198–25, #_27_ Exhibit 23, Appendix 3 (Replaces Appendix 3 to Exhibit 23 at Doc. 198–26), #_28_ Exhibit 24 (Replaces Exhibit 24 at Doc. 198–27), #_29_ Exhibit 25 (Replaces Exhibit 25 at Doc. 198–28), #_30_ Exhibit 26 (Replaces Exhibit 26 at Doc. 198–29), #_31_ Exhibit 27 (Replaces Exhibit 27 at Doc. 198–30), #_32_ Exhibit 28 (Replaces Exhibit 28 at Doc. 198–31), #_33_ Exhibit 29 (Replaces Exhibit 29 at Doc. 198–32), #_34_ Exhibit 30 (Replaces Exhibit 30 at Doc. 198–33), #_35_ Exhibit 31 (Replaces Exhibit 31 at Doc. 198–34)(Bennington, Kenneth) (Entered: 11/18/2013) |
| 11/18/2013 | _262_ | | NOTICE *of Unrestricted Filing of Plaintiffs' Response to Defendant's Motion for Summary Judgment on Plaintiffs' Second, Third, Fourth and Fifth Claims for Relief and Exhibits Thereto (Doc. 200, et. seq.)* by Plaintiff Western Convenience Stores, Inc. (Attachments: #_1_ Exhibit Plaintiffs' Response to Defendant's Motion for Summary Judgment on Plaintiffs' Second, Third, Fourth and Fifth Claims for Relief (Replaces Doc. 200), #_2_ Exhibit 1 (Replaces Exhibit 1 at Doc. 200–1), #_3_ Exhibit 2 (Replaces Exhibit 2 at Doc. 200–2), #_4_ Exhibit 3 (Replaces Exhibit 3 at Doc. 200–3), #_5_ Exhibit 4 (Replaces Exhibit 4 at Doc. 200–4), #_6_ Exhibit 5 (Replaces Exhibit 5 at Doc. 200–5), #_7_ Exhibit 6 (Replaces Exhibit 6 at Doc. 200–6))(Bennington, Kenneth) (Entered: 11/18/2013) |
| 11/18/2013 | _263_ | | NOTICE *of Unrestricted Filing of Errata to Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense and Exhibits Thereto (Doc. 203, et. seq.)* by Plaintiff Western Convenience Stores, Inc. (Attachments: #_1_ Exhibit Errata to Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense (Replaces Doc. 203), #_2_ Exhibit 1 (Replaces Exhibit 1 at Doc. 203–1))(Bennington, Kenneth) (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/18/2013) |
| 11/20/2013 | 264 | | NOTICE *of Unrestricted Filing of Suncor's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment on First and Sixth Claims for Relief and Third Affirmative Defense and Exhibits Thereto (Doc. 219, et. seq.)* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc. (Attachments: #_1 Exhibit Attachment 1 (Replaces 219), #_2 Exhibit BB (Replaces Exhibit BB at Doc. 219–1), #_3 Exhibit CC (Replaces Exhibit CC at Doc. 219–2), #_4 Exhibit DD (Replaces Exhibit DD at Doc. 219–3), #_5 Exhibit EE (Replaces Exhibit EE at Doc. 219–4), #_6 Exhibit FF (Replaces Exhibit FF at Doc. 219–5), #_7 Exhibit GG (Replaces Exhibit GG at Doc. 219–6), #_8 Exhibit HH (Replaces Exhibit HH at Doc. 219–7))(Shaheen, Anthony) (Entered: 11/20/2013) |
| 11/20/2013 | 265 | | NOTICE *of Unrestricted Filing of Suncor's Motion for Summary Judgment on Plaintiff's First and Sixth Claims for Relief and Third Affirmative Defense and Exhibits Thereto (Doc. 185, et. seq.)* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc. (Attachments: #_1 Exhibit Attachment 1 (Replaces 185), #_2 Exhibit Attachment 2 Index (Replaces Doc. 185–1), #_3 Exhibit A (Replaces Exhibit A at Doc. 185–2), #_4 Exhibit B (Replaces Exhibit B at Doc. 185–3), #_5 Exhibit C (Replaces Exhibit C at Doc. 185–4), #_6 Exhibit D (Replaces Exhibit D at Doc. 185–5), #_7 Exhibit E (Replaces Exhibit E to Doc. 185–6), #_8 Exhibit F (Replaces Exhibit F at Doc. 185–7), #_9 Exhibit G (Replaces Exhibit G at Doc. 185–8), #_10 Exhibit H (Replaces Exhibit H at Doc. 185–9), #_11 Exhibit I (Replaces Exhibit I at Doc. 185–10), #_12 Exhibit J (Replaces Exhibit J at Doc. 185–11), #_13 Exhibit K (Replaces Exhibit K at Doc. 185–12), #_14 Exhibit L (Replaces Exhibit L at Doc. 185–13), #_15 Exhibit M (Replaces Exhibit M at Doc. 185–14), #_16 Exhibit N (Replaces Exhibit N at Doc. 185–15), #_17 Exhibit O (Replaces Exhibit O at Doc. 185–16), #_18 Exhibit P (Replaces Exhibit P at Doc. 185–17), #_19 Exhibit Q (Replaces Exhibit Q at Doc. 185–18), #_20 Exhibit R (Replaces Exhibit R at |

| | | | |
|---|---|---|---|
| | | | Doc. 185–19), #_21 Exhibit R–1 (Replaces Exhibit R–1 at Doc. 185–20), #_22 Exhibit R–2 (Replaces Exhibit R–2 at Doc. 185–21), #_23 Exhibit S (Replaces Exhibit S at Doc. 185–22), # 24 Exhibit T (Replaces Exhibit T at Doc. 185–23), #_25 Exhibit U (Replaces Exhibit U at Doc. 185–24), #_26 Exhibit V (Replaces Exhibit V at Doc. 185–25), #_27 Exhibit W (Replaces Exhibit W at Doc. 185–26), #_28 Exhibit X (Replaces Exhibit X at Doc. 185–27), #_29 Exhibit Y (Replaces Exhibit Y at Doc. 185–28), #_30 Exhibit Z (Replaces Exhibit Z at Doc. 185–29), #_31 Exhibit AA (Replaces Exhibit AA at Doc. 185–30))(Shaheen, Anthony) (Entered: 11/20/2013) |
| 11/20/2013 | 266 | | Proposed Pretrial Order by Plaintiff Western Convenience Stores, Inc.. (Attachments: #_1 Exhibit 1 – Statement of Claims and Affirmative Defenses, #_2 Exhibit 2 – Joint Witness List, #_3 Exhibit 3 – Joint Exhibit List)(Bennington, Kenneth) (Entered: 11/20/2013) |
| 11/20/2013 | 267 | | MINUTE ENTRY for Final Pretrial Conference held before Chief Judge Marcia S. Krieger on 11/20/2013. Revised Final Pretrial Order_266 is APPROVED. Jury Trial (7 days) set for 3/17–20/2014 and 3/24–26/2014 09:00 AM in Courtroom A 901 before Chief Judge Marcia S. Krieger.Court Reporter: Terri Lindblom. (mskcd) (Entered: 11/20/2013) |
| 11/21/2013 | 268 | | ORDER: The Court amends the Nov. 20, 2013 Minute Entry_267 in two respects. It amends the Minute Entry to indicate that the parties' amended Proposed Pretrial Order_266 is adopted, and it modifies the Minute Entry to reflect that the trial to be conducted will be to the bench, not to a jury. By Chief Judge Marcia S. Krieger on 11/21/13. Text Only Entry (msklc2, ) (Entered: 11/21/2013) |
| 12/16/2013 | 269 | | MOTION for Order to *Disclose Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial* by Plaintiff Western Convenience Stores, Inc.. (Attachments: #_1 Exhibit 1 – Declaration of Kenneth R. Bennington)(Bennington, Kenneth) (Entered: 12/16/2013) |
| 12/19/2013 | 270 | | Unopposed MOTION for Hearing/Conference re 269 MOTION for Order to *Disclose Certain "Secret" Discovery Materials in Advance of* |

| | | | |
|---|---|---|---|
| | | | *March 17, 2014 Trial* by Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) (Entered: 12/19/2013) |
| 12/19/2013 | 271 | | ORDER granting 270 Unopposed Motion for Hearing/Conference on Motion to Disclose Certain "Secret" Discovery Materials. Dillon shall file a response to the Motion on or before January 6, 2014, at 5:00 p.m. Western shall file a reply on or before January 8, 2014, at 5:00 p.m. A hearing on the Motion isset for **1/14/2014 at 09:00 AM** in Courtroom A 901 before Chief Judge Marcia S. Krieger. by Chief Judge Marcia S. Krieger on 12/19/13. Text Only Entry(msksec, ) (Entered: 12/19/2013) |
| 01/06/2014 | 272 | | RESPONSE to 269 MOTION for Order to *Disclose Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial* filed by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A – Excerpt of Transcript of 10–30–2013 Pre–trial Conference, # 2 Exhibit B – Letter Dated 12–5–2013, # 3 Exhibit C – E–mail Dated 12–17–2013, # 4 Exhibit D – E–mail Dated 1–3–2013, # 5 Exhibit E – Chart of Documents Produced)(McCormick, Michael) (Entered: 01/06/2014) |
| 01/08/2014 | 273 | | REPLY to Response to 269 MOTION for Order to *Disclose Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial* filed by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 3)(Bennington, Kenneth) (Entered: 01/08/2014) |
| 01/08/2014 | 274 | | RESTRICTED DOCUMENT – Level 1: by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc...Motion to Restrict per LCivR 7.2(e) and LCrR 47.1(e) due 1/22/2014 if not already filed. (Bennington, Kenneth) (Entered: 01/08/2014) |
| 01/08/2014 | 275 | | Revised Proposed Final Pretrial Order by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Public Entry for 274 Restricted Document – Level 1)(Text only entry) (klyon, ) (Entered: 01/09/2014) |
| 01/13/2014 | 276 | | MOTION to Supplement 272 Response to Motion, by Interested Party Dillon Companies, |

| | | | |
|---|---|---|---|
| | | | Inc.. (Attachments: #1 Exhibit Supplement to Response (Doc. #272), #2 Exhibit F – E–mail Correspondence, #3 Exhibit G – Chart of Documents Western Seeks to Provide to Mr. Taraghi)(McCormick, Michael) (Entered: 01/13/2014) |
| 01/13/2014 | 277 | | RESPONSE to 276 MOTION to Supplement 272 Response to Motion, filed by Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) (Entered: 01/13/2014) |
| 01/14/2014 | 278 | | MINUTE ENTRY for Motion Hearing held before Chief Judge Marcia S. Krieger on 1/14/2014. Matters addressed and/or deadlines imposed are as set forth in the Minutes. Court Reporter: Terri Lindblom. (mskcd) (Entered: 01/14/2014) |
| 01/21/2014 | 279 | | ORDER finding as moot 276 Motion to Supplement by Chief Judge Marcia S. Krieger on 1/21/14. Text Only Entry(msksec, ) (Entered: 01/21/2014) |
| 01/22/2014 | 280 | | MOTION for Leave to Restrict Document as to docket entry # 274 by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 01/22/2014) |
| 01/24/2014 | 281 | | RESTRICTED DOCUMENT – Level 3: by ThirdParty Defendant Hossein Taraghi, Plaintiff Western Convenience Stores, Inc... (Bennington, Kenneth) (Entered: 01/24/2014) |
| 01/24/2014 | 282 | | RESTRICTED DOCUMENT – Level 3: by Plaintiff Western Convenience Stores, Inc... (Attachments: #1 Exhibit 1)(Bennington, Kenneth) (Entered: 01/24/2014) |
| 01/24/2014 | 283 | | RESTRICTED DOCUMENT – Level 3: by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc... (Attachments: #1 Exhibit)(Shaheen, Anthony) (Entered: 01/24/2014) |
| 01/24/2014 | 285 | | Plaintiff's Proposed List of Information to Disclose to Hoseein Taraghi for Trial Preparation Purposes by ThirdParty Defendant Hossein Taraghi, Plaintiff Western Convenience Stores, Inc. (Public Entry for 281 Restricted Document – Level 3) (Text only entry) (klyon, ) (Entered: 01/27/2014) |
| 01/24/2014 | 286 | | |

| | | | |
|---|---|---|---|
| | | | Exhibits in Support of 281 Restricted Document – Level 3 by ThirdParty Defendant Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Public Entry for 282 Restricted Document – Level 3)(Text only entry) (klyon, ) (Entered: 01/27/2014) |
| 01/24/2014 | 287 | | Suncor's Designation of Dillon Data to be Disclosed to Mr. Taraghi by Defendant Suncor Energy (U.S.A.) Inc. (Public Entry for 283 Restricted Document – Level 3) (Text only entry) (klyon, ) (Entered: 01/27/2014) |
| 01/25/2014 | 284 | | RESTRICTED DOCUMENT – Level 3: by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc... (Attachments: # 1 Exhibit A)(Shaheen, Anthony) (Entered: 01/25/2014) |
| 01/25/2014 | 288 | | Amended 283 Designation of Dillon Data to be Disclosed to Mr. Taraghi by Defendant Suncor Energy (U.S.A.) Inc. (Public entry for re 284 Restricted Document – Level 3)(Text only entry) (klyon, ) (Entered: 01/27/2014) |
| 01/31/2014 | 289 | | RESTRICTED DOCUMENT – Level 3: by Interested Party Dillon Companies, Inc... (Attachments: # 1 Exhibit H – Excerpt From 1/14/2014 Hearing Transcript)(McCormick, Michael) (Entered: 01/31/2014) |
| 01/31/2014 | 290 | | RESPONSE to Proposed Lists of Information to Disclose to Hossein Taraghi for Trial Preparation Purposes ( 281 Restricted Document – Level 3, 282 Restricted Document – Level 3, and 284 Restricted Document – Level 3) by Interested Party Dillon Companies, Inc.. (Public Entry for 289 Restricted Document – Level 3)(Text only entry) (klyon, ) (Entered: 02/03/2014) |
| 02/05/2014 | 291 | | ORDER granting in part and denying in part 269 Motion for Order to Disclose Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial. *See Minutes of Proceedings at #278.* by Chief Judge Marcia S. Krieger on 2/5/14. Text Only Entry(msksec, ) (Entered: 02/05/2014) |
| 02/07/2014 | 292 | | MOTION for Leave to Restrict by Interested Party Dillon Companies, Inc.. (Attachments: # 1 Exhibit A – Chart of Trial Exhibits Dillon Requests to be Restricted)(McCormick, Michael) (Entered: 02/07/2014) |
| 02/07/2014 | 293 | | |

| | | | |
|---|---|---|---|
| | | | MOTION for Hearing/Conference re 292 MOTION for Leave to Restrict by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 02/07/2014) |
| 02/10/2014 | 294 | | ORDER: Following the January 14, 2014 hearing, the Court directed the parties to identify the particular Dillon stores that they would be using as comparators for trial purposes (and which would define the scope of the Dillon historical data that would potentially be shared with Mr. Taraghi). Western's submission 281 does not identify specific Dillon stores by name or location, but rather, apparently designates "all Dillon stores that compete" with six specified Western locations, with "compete" defined as "being located within 2.5 miles of" the identified Western stores. This is insufficient to sufficiently identify the Dillon stores in question. Within 24 hours of this Order, Western shall make a supplemental fileing that identifies, by either Dillon store number or by store name and street address, **each** specific Dillon store that Western contends falls within the definition it gives in Docket # 281, and upon which it intends to rely (and to share the store's historical data with Mr. Taraghi). By Chief Judge Marcia S. Krieger on 2/10/14. Text Only Entry (msklc2, ) (Entered: 02/10/2014) |
| 02/11/2014 | 295 | | RESPONSE to 294 Order,,,, 278 Motion Hearing List of Competing Dillon Stores for Pre–Trial Disclosure to Hossein Taraghi by ThirdParty Defendant Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) Modified on 2/11/2014 to add Restriction Level 3 pursuant to Order dated 2/11/2014. (klyon, ). (Entered: 02/11/2014) |
| 02/11/2014 | 296 | | Emergency MOTION for Leave to Restrict by ThirdParty Defendant Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) (Entered: 02/11/2014) |
| 02/11/2014 | 297 | | ORDER granting 296 Emergency Motion for Leave to Restrict. The Clerk is directed to place docket entry #295 under restriction level 3. by Chief Judge Marcia S. Krieger on 2/11/14. Text Only Entry(msksec, ) (Entered: 02/11/2014) |
| 02/12/2014 | 298 | | MOTION for Leave to *File Declaration of Kelli Dillon in Support of* 292 MOTION for Leave to Restrict by Interested Party Dillon Companies, |

| | | | |
|---|---|---|---|
| | | | Inc.. (Attachments: # 1 Exhibit B – Declaration of Kelli Dillon)(McCormick, Michael) (Entered: 02/12/2014) |
| 02/13/2014 | 299 | | OPINION AND ORDER GRANTING IN PART AND DENYING IN PART WESTERN'S MOTION TO DISCLOSE DISCOVERY MATERIALS: Western's 269 MOTION for Order to *Disclose Certain "Secret" Discovery Materials in Advance of March 17, 2014 Trial* filed by Western Convenience Stores, Inc. is **GRANTED IN PART** and **DENIED IN PART** on the terms set forth herein. by Chief Judge Marcia S. Krieger on 2/13/14. (msksec, ) (Entered: 02/13/2014) |
| 02/14/2014 | 300 | | RESPONSE to 292 MOTION for Leave to Restrict *(Joint Response)* filed by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc.. (Shaheen, Anthony) (Entered: 02/14/2014) |
| 02/19/2014 | 301 | | REPLY to Response to 292 MOTION for Leave to Restrict filed by Interested Party Dillon Companies, Inc.. (McCormick, Michael) (Entered: 02/19/2014) |
| 03/05/2014 | 302 | | NOTICE of Entry of Appearance by Jeffrey H. McClelland on behalf of Debra Lynn Taraghi, Hossein Taraghi, Western Convenience Stores, Inc.Attorney Jeffrey H. McClelland added to party Debra Lynn Taraghi(pty:3pd), Attorney Jeffrey H. McClelland added to party Hossein Taraghi(pty:3pd), Attorney Jeffrey H. McClelland added to party Western Convenience Stores, Inc.(pty:pla) (McClelland, Jeffrey) (Entered: 03/05/2014) |
| 03/12/2014 | 303 | | TRIAL BRIEF – *Listing of Cases* by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) (Entered: 03/12/2014) |
| 03/14/2014 | 304 | | NOTICE *Suncor's List of Cases* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc. (Shaheen, Anthony) (Entered: 03/14/2014) |
| 03/17/2014 | 305 | | OPINION AND ORDER: Dillon Companies' Motion to Restrict Access 292 is GRANTED IN PART and DENIED IN PART as set forth herein. Dillon's Motion for Hearing 293 is DENIED AS MOOT. Dillon's Motion to Supplement 298 is |

| | | | |
|---|---|---|---|
| | | | GRANTED. By Chief Judge Marcia S. Krieger on 3/17/14.(msklc2, ) (Entered: 03/17/2014) |
| 03/17/2014 | 306 | | MINUTE ENTRY for Bench Trial Day One held before Chief Judge Marcia S. Krieger held on 3/17/2014. Opening statements. Witness testimony and evidence received are set forth in the Minutes. Bench Trial continues. Court Reporter: Terri Lindblom. (pglov) (Entered: 03/18/2014) |
| 03/18/2014 | 307 | | Bench Trial (7 days) set for 3/17/– 3/20/2014 and 3/24/ – 3/26/2014 at 9:00 AM in Courtroom A 901 before Chief Judge Marcia S. Krieger. Setting was previously identified as a Jury Trial setting. Text Only Entry (pglov) (Entered: 03/18/2014) |
| 03/18/2014 | 308 | | MINUTE ENTRY for Bench Trial Day Two held before Chief Judge Marcia S. Krieger on 3/18/2014. Witness testimony, exhibits received/refused and other matters addressed are set forth in the Minutes. Bench trial continues. Court Reporter: Terri Lindblom. (pglov) Modified on 3/28/2014 (pglov). (Entered: 03/19/2014) |
| 03/19/2014 | 309 | | MINUTE ENTRY for Bench Trial Day Three held before Chief Judge Marcia S. Krieger on 3/19/2014. Witness testimony, exhibits received/refused and other matters addressed are set forth in the Minutes. Trial continues. Court Reporter: Terri Lindblom and Mary George. (pglov) (Entered: 03/20/2014) |
| 03/20/2014 | 310 | | Bench Trial continues to be set for 3/20/2014; 3/24/2014 –3/26/2014 at 09:00 AM in Courtroom A 901 before Chief Judge Marcia S. Krieger. Text Only Entry (pglov) (Entered: 03/20/2014) |
| 03/20/2014 | 311 | | MINUTE ENTRY for Bench Trial Day Four held before Chief Judge Marcia S. Krieger on 3/20/2014. Witness testimony, exhibits received/refused and other matters addressed are set forth in the Minutes. Trial continues. Court Reporter: Terri Lindblom. (pglov) (Entered: 03/21/2014) |
| 03/24/2014 | 312 | | MINUTE ENTRY for Bench Trial Day Five held before Chief Judge Marcia S. Krieger on 3/24/2014. Witness testimony, closing arguments, deadlines imposed and/or other matters addressed are set forth in the Minutes. Bench trial concluded. Court Reporter: Terri |

| | | | |
|---|---|---|---|
| | | | Lindblom. (pglov) (Entered: 03/24/2014) |
| 03/27/2014 | 313 | | ORDER granting in part and denying in part 226 Motion for Fees and Costs by Interested Non–Party Dillon Companies, Inc. By Magistrate Judge Craig B. Shaffer on 03/27/2014. (cbslc1) (Entered: 03/27/2014) |
| 03/31/2014 | 314 | | NOTICE re 304 Notice (Other) *Supplemental List of Cases* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc. (Shaheen, Anthony) (Entered: 03/31/2014) |
| 03/31/2014 | 315 | | SUPPLEMENT/AMENDMENT to 312 Bench Trial – Completed, *Supplemental Listing of Cases* by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Counter Defendant Western Convenience Stores, Inc., Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) (Entered: 03/31/2014) |
| 04/03/2014 | 316 | | ERRATA re 315 Supplement/Amendment, *Supplemental Listing of Cases* by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc.. (Bennington, Kenneth) (Entered: 04/03/2014) |
| 04/03/2014 | 317 | | NOTICE *of Unredacted Final Pretrial Order* by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc. (Bennington, Kenneth) (Entered: 04/03/2014) |
| 06/17/2014 | 318 | | NOTICE *of Acknowledgement of Satisfaction and Release of Award of Fees and Costs to Interested Non–Party Dillon Companies, Inc.* by Plaintiff Western Convenience Stores, Inc. (Bennington, Kenneth) (Entered: 06/17/2014) |
| 08/22/2014 | 319 | 64 | OPINION AND ORDER Directing Entry of Judgment in Favor of Suncor Energy (U.S.A.) by Chief Judge Marcia S. Krieger on 8/22/14. 256 Motion for Leave to Restrict and 280 Motion for Leave to Restrict are denied. (dkals, ) (Entered: 08/22/2014) |
| 09/05/2014 | 320 | 95 | MOTION for Judgment re 319 Order on Motion for Leave to Restrict, *(Submission of Agreed Form of Judgment)* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc. (Attachments: # 1 Exhibit Final Judgment)(Shaheen, Anthony) (Entered: |

| | | | |
|---|---|---|---|
| | | | 09/05/2014) |
| 09/08/2014 | 321 | 100 | FINAL JUDGMENT in favor of Suncor Energy (U.S.A.) Inc. and against Western Convenience Stores, Inc., Debra Lynn Taraghi, Hossein Taraghi, pursuant to 319 Opinion and Order, by Chief Judge Marcia S. Krieger on 9/8/14. (dkals, ) (Entered: 09/08/2014) |
| 09/11/2014 | 322 | | CERTIFICATE of Judgment Upon Land and Tenements Issued (Transcript of Judgment) by Clerk re: 321 Judgment. (dkals, ) (Entered: 09/12/2014) |
| 09/19/2014 | 323 | | Unopposed MOTION for Extension of Time to *File Taxable Costs and to File Rule 54(d)(2)(A) Motion* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Proposed Order (PDF Only) Suncor Proposed Order for EOT to File Taxable Costs)(Shaheen, Anthony) (Entered: 09/19/2014) |
| 09/22/2014 | 324 | | Proposed Bill of Costs by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Affidavit Declaration of Anthony J. Shaheen in Support of suncor Energy's Bill of Costs, # 2 Exhibit Attachment 1, Fees of Court Reporter for Transcript Obtained for Use in Case, # 3 Exhibit Attachment 2, Fees for Witnesses, # 4 Exhibit Attachment 3, Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case, # 5 Exhibit Attachment 4, Costs Incident to Taking of Depositions)(Shaheen, Anthony) (Entered: 09/22/2014) |
| 09/22/2014 | 325 | | MOTION for Attorney Fees *and Related Non−Taxable Expenses* by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: # 1 Exhibit 1, MPPS Agreement, # 2 Exhibit 2, Personal Guaranty, # 3 Exhibit 3, Motions Hearing Transcript)(Shaheen, Anthony) (Entered: 09/22/2014) |
| 09/22/2014 | 326 | | DECLARATION of *William L. Monts III* regarding MOTION for Attorney Fees *and Related Non−Taxable Expenses* 325 by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., |

| | | | |
|---|---|---|---|
| | | | Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #1 Exhibit 1, Monts Bio, #2 Exhibit 2, Robertson Bio, #3 Exhibit 3, Mason Bio, #4 Exhibit 4, Januzzi Bio, #5 Exhibit 5, Habeeb Bio, #6 Exhibit 6, Edgar Bio, #7 Exhibit 7, Rawson Bio)(Shaheen, Anthony) (Entered: 09/22/2014) |
| 09/22/2014 | 327 | | DECLARATION of *Anthony J. Shaheen* regarding MOTION for Attorney Fees *and Related Non−Taxable Expenses* 325 by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #1 Exhibit 1, Shaheen Bio, #2 Exhibit 2, Holland &Hart Professional Bios, #3 Exhibit 3, Bullinger &Carter of Graphics H#4 Exhibit 4, Arnold &Arnold Bios, #5 Exhibit 5, Furey &BRG Bios, #6 Exhibit 6, Gibson Arnold Bios)(Shaheen, Anthony) (Entered: 09/22/2014) |
| 09/22/2014 | 328 | | DECLARATION of *Michael E. Korenblat* regarding MOTION for Attorney Fees *and Related Non−Taxable Expenses* 325 by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. (Attachments: #1 Exhibit 1, Part 1 HH2011 Invoices, #2 Exhibit 1, Part 2 HH2012 Invoices, #3 Exhibit 1, Part 3 HH2013 Invoices, #4 Exhibit 1, Part 4 HH2014 Invoices, #5 Exhibit 2, Part 1 Hogan Lovells 2011 Invoices, #6 Exhibit 2, Part 2 Hogan Lovells 2012, #7 Exhibit 2, Part 3 Hogan Lovells 2013, #8 Exhibit 2, Part 4 Hogan Lovells 2014, #9 Exhibit 3, Gibson Arnold Invoices, #10 Exhibit 4, Arnold &Arnold Invoices, #11 Exhibit 5, Part 1 BRG Invoices, #12 Exhibit 5, Part 2 BRG Invoices, #13 Exhibit 6, Furey Fuel Invoices, #14 Exhibit 7, Southwest Institute Invoices)(Shaheen, Anthony) (Entered: 09/22/2014) |
| 09/24/2014 | 329 | | ORDER granting 323 Unopposed Motion for Extension of Time to File Taxable Costs and to File Rule 54(d)(2)(A) Motion. Extension granted up to and including October 6, 2014. by Chief Judge Marcia S. Krieger on 9/24/14. Text Only Entry(msksec, ) (Entered: 09/24/2014) |
| 09/24/2014 | 330 | | Unopposed MOTION for Leave to Restrict by ThirdParty Plaintiff Suncor Energy (U.S.A.) Inc., Counter Claimant Suncor Energy (U.S.A.) Inc., Defendant Suncor Energy (U.S.A.) Inc.. |

|  |  |  | (Attachments: # 1 Exhibit Personal Guaranty)(Monts, William) (Entered: 09/24/2014) |
|---|---|---|---|
| 10/06/2014 | 331 | 103 | NOTICE OF APPEAL as to 321 Judgment by Third Party Defendants Debra Lynn Taraghi, Hossein Taraghi, Plaintiff Western Convenience Stores, Inc. (Filing fee $ 505, Receipt Number 1082–4077855) (Bennington, Kenneth) (Entered: 10/06/2014) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Marcia S. Krieger

Civil Action No. 11-cv-01611-MSK-CBS

**WESTERN CONVENIENCE STORES, INC.**

      **Plaintiffs/Counterclaim Defendants,**

v.

**SUNCOR ENERGY (U.S.A.) INC.,**

      **Defendant/Counterclaim Plaintiff,**

**and**

**SUNCOR ENERGY (U.S.A.) INC.,**

      **Third-party Plaintiff,**

v.

**HOSSEIN TARAGHI, and**
**DEBRA LYNN TARAGHI,**

      **Third-Party Defendants.**

---

## OPINION AND ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF SUNCOR ENERGY (U.S.A.)

---

    **THIS MATTER** is before the Court following a multi-day bench trial.[1]  Having

considered the admissible evidence and the written and oral arguments by counsel, the Court's

findings of fact and conclusions of law follow.

---

[1]    At the time of trial, there were motions **(#256, #280)** by non-party Dillon Companies, Inc. to restrict access to or redact documents of record.  The first motion is **DENIED**.   To the extent that the documents were admitted at trial, those documents are necessarily relevant to the Court's decision-making process and the public possesses a strong interest in having access to them.  If

## JURISDICTION AND BACKGROUND

The Plaintiff ("Western") brings two substantive antitrust claims based on assertions of second-line price discrimination: 1) violation of Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. § 13(a); and 2) violation of Colorado's Unfair Trade Practices Act, C.R.S. § 6-2-108. The Defendant ("Suncor") asserts a counterclaim against Western for breach of contract and a third-party claim based on personal guarantees of the Third-Party Defendants ("the Taraghis") for Western's contractual obligation. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331and 1337(a). It also exercises supplemental jurisdiction over the counterclaim and third-party claims pursuant to 28 U.S.C. § 1367.

Suncor filed several motions for summary judgment directed at the Plaintiffs' claims. The first (**# 185**) was directed at the statutory (Robinson-Patman and Colorado Unfair Trade Practices) claims. The second (**# 181**) was directed at the Plaintiffs' common-law claims. Suncor also moved for summary judgment on its own counterclaim and third-party claim (**# 182**). The Court ruled on the Motions in a single order (**#251**). The Court determined that Plaintiff's statutory claims should proceed to trial, dismissed Plaintiffs' claims for breach of contract and tortious interference with contract, dismissed claims of Plaintiff Western Truck One, LLC, and, based on undisputed facts, pursuant to Fed.R.Civ.P. 56(g), found facts sufficient to entitle Suncor to judgment on its Counterclaim and Third-party claim (**#182**) unless Western prevailed on either of its price discrimination claims.

---

such documents were not admitted at trial, there are no documents to restrict, and, in any event, there is no public interest in access to documents that were never presented to or considered by the Court. *See Riker v. Fed. Bureau of Prisons*, 315 F. App'x. 752, 755 (10th Cir. 2009). Accordingly, as to unadmitted documents, the motion is denied as moot.

The second motion seeks to restrict public access to the Revised Proposed Final Pretrial Order (**#274**). Such pretrial order governed the course of the case through trial, and the trial was open to the public. The Court finds no justification for restriction at this time, and therefore **DENIES** the motion.

2

This decision makes those interlocutory determinations final, and addresses Western's statutory claims for unlawful secondary price discrimination.

## FACTS[2]

### A. Entities involved

The allegations in this case concern wholesale sales of unbranded gasoline, made by Defendant Suncor, to two allegedly competing entities, Western and Kroger.

Western is a Colorado corporation owned by the Taraghis and operated by Mr. Taraghi. Mr. Taraghi opened his first convenience store in 1989. Western now operates 39 convenience stores in Colorado and 3 in Nebraska. The stores sell unbranded gasoline (mid-grade, premium, and, sometimes, E-85), diesel fuel, and merchandise including food and beverages. In Colorado, Western stores are located from Grand Junction to close to the Kansas state line, and from Fort Collins to south of Pueblo.

Western's stores compete with nearby outlets of other convenience store chains, such as Bradley, 7-Eleven, and Diamond Shamrock. In addition, in some locations, retail supermarket chains such as Safeway or wholesale clubs such as Costco operate fuel centers adjacent to their own operations, and Western considers these entities to be its competition as well. Western's evidence in this case focused on its competition with various subsidiaries of the Kroger Company. Through its subsidiary Dillon Companies, Kroger owns and operates the King Soopers and City Market supermarket chains. Some King Soopers and City Market locations in Colorado offer on-site gasoline sales, sometimes in close proximity to a Western location. Through its subsidiary Mini-Mart, Inc., Kroger operates a chain of convenience stores under the name Loaf N Jug, and some Loaf N Jug locations also compete directly with Western stores.

---

[2]      The Court summarizes pertinent facts here, but elaborates, as necessary, in its analysis.

(Except where greater specificity is required, the Court will generally use "Kroger" to refer both to the Kroger Company overall, as well as to refer collectively to its subsidiaries' operations.)

During the time period at issue in this case, both Western and Kroger obtained substantial quantities of gasoline from Defendant Suncor, the only petroleum refiner in Colorado. Suncor's refinery was located in Commerce City. It also sold fuel from terminals owned by other entities and located elsewhere in Colorado, including two terminals operated by the Rocky Mountain Pipeline System in Dupont, CO and Fountain, CO. Most of the purchases at issue in this case occurred at Suncor's Commerce City, Fountain, and Grand Junction terminals.

The Fountain and Dupont terminals received fuel transported by pipeline from refineries located outside of Colorado. At the Fountain terminal, Suncor's Colorado-refined fuel was mixed with fuel that had been refined outside of Colorado. Once mixed, the fuel had the same chemical and physical properties as its component parts, and therefore, the source of the fuel was no longer determinable. The mixed fuel was stored in common tanks, from which it was drawn to fill trucks (including those used by Western). In addition, at all terminals, ethanol and other additives transported from outside of Colorado were mixed with fuel that was ultimately received by Western.

This controversy involves Suncor's sale of unbranded fuel to Western and Kroger over a period of 606 days, from October 2009 through May 2011 (the operative period). During this period, Western and Kroger bought the same fuel products from Suncor but were charged different prices. During this period, Western stores competed with one or more Kroger stores in 27 Colorado locations.[3]

---

[3]     Exhibit 758 shows the 27 locations where Western stores competed with Kroger stores — Steamboat Springs, the Fort Collins metro area, Loveland, Longmont, the Denver Metro area, the

4

### B. Fuel Purchases

#### 1. Western's purchases

Between October 2009 and May 2011, Western bought approximately 60% of its fuel from Suncor. The rest of its fuel needs were met by other suppliers.

Western made fuel purchase decisions on a daily basis. Wholesale fuel prices were released by suppliers each evening, reflecting the prices to be charged the following day. Western selected the supplier for the next day's purchases based on price. Often, Western would receive suppliers' prices, then call one or more competing suppliers to see if a lower price could be negotiated.

Western purchased, received, and delivered its fuel on a daily basis because Western stores did not have storage tanks large enough to hold a supply sufficient to meet multiple days' demands. To reduce costs and to enable Western to purchase from suppliers with the most favorable price, the Taraghis owned a trucking company that had a fleet of ten trucks. Trucks picked up fuel at suppliers and delivered it to Western locations twenty-four hours per day, seven days per week. During the operative time period, the trucking company enabled Western to sometimes purchase fuel at Front Range terminals for delivery to Western Slope stores, and to buy from terminals in Utah, New Mexico, Nebraska, Kansas, and Wyoming to supply Colorado stores.

Western's purchases of unbranded fuel from Suncor were governed by a "Master Agreement," dated January 17, 2007, that set forth the general terms of the parties' relationship. Individual purchases were made pursuant to documents know as Confirmation of Purchase/Sale

---

Colorado Springs metro area, the Pueblo metro area, the area east of Pueblo, Salida, Montrose, Delta, and Grand Junction.

Agreements ("Confirmations").[4]  Each Confirmation specified the volume to be bought and the price to be charged.  Throughout the operative period, Western's agreement with Suncor was to pay Suncor's daily "Rack Price" (the standard price charged by Suncor at a specific terminal on the day of purchase), less a stated discount.  Consistent with refinery practices, Western also received discounts when Suncor had a fuel surplus, and was subject to volume limits (known as "allocation") when Suncor had a fuel shortage.

The amount of fuel available to Western from Suncor decreased during the operative time period and although Mr. Taraghi requested a yearly contract from Suncor, his request was not promptly addressed.  As a result, Mr. Taraghi became concerned that Suncor was favoring other customers at Western's expense.  During this period, Suncor was also dissatisfied with its dealings with Western.

Although the circumstances and causes are disputed, it is sufficient to find that Western and Suncor ended their relationship on May 25, 2011.  As of that date, according to the terms of the parties' Master Agreement, Western owed Suncor $3,755,141.95 for outstanding fuel purchases.  The Taraghis had executed a personal guarantee of Western's debts to Suncor, up to the amount of $ 3 million.

### 2.  Kroger's purchases

The Kroger entities also bought unbranded gasoline and diesel from Suncor during the operative period.  These purchases, however, were made pursuant to year-long contracts that used a different method of computing the price.

---

[4]     The last one-year Confirmation prior to the operative period was executed about January 1, 2008. After January 1, 2009, Western purchased fuel from Suncor on three-month or one-month Confirmations or by unwritten agreement.

The Kroger supermarkets' (that is, King Soopers and City Market) contract with Suncor became effective on October 1, 2009. Although Kroger's purchases were also made pursuant to a "rack price less specified discount formula," Kroger negotiated to use the "OPIS Rack Average" as the rack price reference point. The OPIS Rack Average, which is published to potential purchasers, is an average of the prices being charged by all suppliers in a particular area on a particular day. As with Western, Kroger's price from Suncor was subject to further reduction through periodic discounts, and volume was subject to allocation when Suncor had a shortage of fuel.

Kroger purchased fuel from Suncor to supply its Loaf 'N Jug convenience stores through a year-long contract beginning February 1, 2010. As with the contract between Suncor and the Kroger supermarkets, the contract price was based upon the OPIS Rack Average, less a stated discount. This contract was subject to additional periodic discounts and allocation.

As a general matter, Suncor kept confidential the details of its contracts and pricing with each buyer. Thus, Kroger was not necessarily aware of the terms of Western's arrangement with Suncor, and Western and the Taragahis were not aware of the terms of Kroger's deals with Suncor.

The record reflects that, in general, Kroger received more favorable prices from Suncor than Western did for the same grades of gasoline. (The record did not specifically address the cause of this discrepancy, although one might infer that the blended OPIS Rack Average, used by Kroger as a starting reference price, was often less than Suncor's rack price, from which Western's price was determined.) According to the record, on 449 days during the operative period, Western and the Kroger entities bought the same type of fuel from Suncor at different

prices.  On 78% of those days, Western paid the higher price.  On 22% of the days, the Kroger entities paid the higher price.

### 3.  Retail Competition

Both of Western's statutory claims depend on proof that the difference in the wholesale price Suncor charged Western and Kroger affected retail competition between  them.  The parties agree that retail fuel sale is a competitive business with high price sensitivity, and that twenty-seven Western stores compete with one or more Kroger stores.  However, merely stating that Western and Kroger are "competitors" in the gasoline market fails to capture some subtle, yet important, nuances of that market.

For example, although both Western and Kroger surveyed the fuel prices charged by each other and other sellers on a daily basis, they ascribed different significance to those prices.  Mr. Taraghi described Western as a price leader, meaning that its stores most often had the lowest price for fuel.  Mr. Taragahi's philosophy was "you don't let people cut you."  Indeed, over the operative time period, Western stores had the lowest retail price or were tied with the lowest price 70% of the time.  This is largely because convenience stores in general, and Western in particular, depend heavily on fuel sales.  Mr. Taraghi testified that even though his fuel markup was only about 10-12%, whereas his merchandise markup was closer to 30%, about 80% of Western's revenues come from fuel sales and only 20% from merchandise.  However, fuel sales are critical to the generation of merchandise sales, from which a greater profit can be realized. The convenience store operator's hope is that when a customer stops to purchase fuel, the customer will go into the store and to purchase other items.  Convenience stores market by posting prices on the street, and by being highly responsive to the prices of nearby competitors. Thus, Mr. Taraghi surveyed prices of competitors within a 5-mile radius of each store.

In contrast, the supermarkets did not depend heavily upon fuel sales to generate merchandise sales; instead, their marketing strategy suggests, to some degree, the opposite approach. The supermarkets appeared to view fuel as another form of merchandise. The Kroger supermarkets marketed fuel to its existing customers by offering two discounts — a three cent per gallon discount for shoppers who used a loyalty card and price reductions on gas for particular grocery and other purchases. This approach played to customers' loyalty and the convenience of the fuel station to the grocery store (and was quite effective, with more than 80% of purchasers using a loyalty card), allowing customers to combine refueling with grocery shopping, even if there was a slight price penalty to doing so compared to shopping at Kroger and buying fuel separately at a price leader like Western.

Because Kroger's supermarkets relied upon customer loyalty to drive fuel purchasing decisions, the supermarkets did not engage in heavy price competition for fuel sales. The pricing strategy for the supermarkets was to set the retail fuel price at least three cents higher than the lowest competitive price in a 2-3 mile radius (suggesting that Kroger supermarkets considered their customers less price-sensitive than Western did). The supermarkets were price followers, rather than price leaders. Ms. Giannola, the person in charge of setting Kroger supermarket fuel prices, characterized Western as a "low-baller" — by giving Western at least the three-cent differential associated with the loyalty program, King Soopers and City Market could avoid participating in a price war for fuel sales. As a result, Kroger supermarkets set or matched the lowest fuel prices in the market on less than 3% of the days in the operative time period. Moreover, as discussed in some detail herein, the record indicated that Kroger's retail fuel prices were not necessarily influenced by its wholesale prices.

As noted above, Kroger also operated a chain of traditional convenience stores under the Loaf N Jug name, including some stores located in close proximity to Western stores. Presumably, the Loaf N Jug entities were more direct and comparable competitors to Western than Kroger's supermarket entities were, as one would reasonably expect the Loaf N Jug convenience stores to have similar revenue models, price margins, etc. as Western's convenience stores. Although Loaf N Jug stores are most comparable to Western, a number of factors (including the fairly recent contract between Loaf N Jug and the corresponding lack of extensive data on Loaf N Jug fuel purchases and sales) resulted in relatively little trial testimony about Loaf N Jug's activities. There was testimony that Loaf N Jug set its own retail fuel prices with the intent of meeting certain daily volume and revenue targets. In other words, although the retail prices of competing stores may have played an indirect role in Loaf N Jug's setting of retail prices (as such prices would inform Loaf N Jug's ability to set and meet its volume or revenue targets), even Loaf N Jug did not duplicate Western's lowest-price approach.

In presenting its case, Western ignored the differences in business models and pricing strategies between Western and Kroger. Its expert, Dr. Leffler, acknowledged that the market for retail fuel sales has changed dramatically over the past 30 years, and that retail gas sales are no longer solely the domain of the typical "service station." Dr. Leffler testified that "the degree of competition [historically] was not the same as it is today. We've had the rise of the Kroger-type stations that are associated with grocery stores, C[onvenience] stores that become very prominent, where gasoline has almost become a mechanism to get customers in to buy the high margin products."

Dr. Leffler stated that, when called upon as an economic consultant in antitrust cases, he would ordinarily look at the nature and extent of the competitive market, but he did not do so

here because he was tasked by Western solely to develop a model that would calculate Western's damages resulting from conduct assumed to be unlawful. Asked about his general antitrust methodology, he explained: "Obviously one study is the competitive environment. My focus in this case was not the broader picture of 'did these stations compete? How did they compete?' After satisfying myself there was sufficient knowledge by others, I focused strictly on how does one empirically implement a methodology that, if the data is sufficient, would reveal whether or not in a reliable way there are damages." The complexity of the market led him to formulate a damages model using multiple regression analyses to account for multiple variables influencing Western's retail pricing. The model is addressed later, but the nature of the competitive environment that drove Dr. Leffler to develop a complex damages model was not addressed. In short, there was no expert assessment of whether, to what degree, and how the Western stores and Kroger stores competed.

Thus, although the parties presented evidence as to the operation of the "convenience store market" and Dr. Glick referred to the "gas station market," the Court cannot necessarily conclude that Western and Kroger are perfectly congruent competitors with regard to retail fuel sales, even where both entities maintained locations within close proximity to one another.

### 4. Losses

Although Western presented opinions from Dr. Leffler concerning its damages resulting from the alleged price discrimination, such damages were purely hypothetical; Western presented no evidence of <u>actual</u> losses it suffered during the relevant period. For example, Western closed no stores during or immediately following the operative period. Indeed, Western opened two new stores during the operative period, both in areas in which it would compete with Kroger stores.

11

Dr. Leffler's calculation of Western's lost profits was based upon a multivariate model

that employs numerous regression analyses to make two determinations — first, what Western's

wholesale price would have been had there been no price discrimination by Suncor; and second,

what profits Western would have had "but for" the price discrimination.  Western characterizes

this as a "but for" damage model that selects neither the actual price that Western or Kroger

stores paid.  The model yields a calculation of lost profits between $999,361 and $1,651,009.

### ANALYSIS

### I.      COUNTERCLAIM AND THIRD-PARTY CLAIM

Although it is most common to address claims, counterclaims and third-party claims

*seriatim*, this case is somewhat unusual in that there is no dispute as to the facts underlying the

counterclaim and third-party claim.  Pursuant to the Master Agreement between Western and

Suncor, Western is obligated to pay Suncor for the fuel it received between May 9 and May 25,

2011, valued at $3,755,141.95, as well as other costs such as attorney fees.  Mr. and Ms. Taraghi

personally guaranteed this obligation up to $3 million.  Western's and the Taraghi's defense to

this obligation is that the Master Agreement is not enforceable due to discriminatory pricing that

violated the Robinson-Patman Act, 15 U.S.C. § 13(a) and Colorado's Unfair Trade Practices Act

C.R.S. § 6-2-108.  They specifically refer to  Paragraph 7 of the Master Agreement's Terms and

Conditions that states "All of the terms and provisions of this Agreement shall be subject to the

applicable laws . . . of all governmental authorities, and each Party agrees to comply with all

such laws . . . during the term of this Agreement" and to C.R.S. § 6-2-109, which deems any

contract made in violation of Colorado's Unfair Trade Practices Act to be illegal and provides

that "no recovery thereon shall be had" by either party.  As stated in the Court's ruling on

Suncor's Motions for Summary Judgment **(#251)**, if the Master Agreement is enforceable,

Suncor is entitled to judgment against Western and Mr. and Ms. Taraghi for such sums. It is appropriate, therefore, to turn to the Robinson-Patman and Unfair Trade Practices Act claims.

## II.     ROBINSON-PATMAN ACT CLAIM

The Robinson-Patman Act, 15 U.S.C. § 13(a), makes it unlawful "to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in [interstate] commerce, . . . where the effect of such discrimination may be substantially to lessen competition . . . or prevent competition with any person who grants or knowingly receives the benefit of such discrimination." When the sales in question are made at a wholesale level, to customers who compete for retail sales of the product to end users, the type of price discrimination involved is defined as "secondary line" discrimination.

To establish this type of Robinson-Patman Act claim, Western must prove by a preponderance of the evidence that: (i) Suncor made at least two contemporaneous sales of fuel of like grade and quality to it and to a Kroger entity at different prices; (ii) at least one sale was made in interstate commerce; (iii) the difference in sales price affected competition; and (iv) the difference in price caused injury to Western. *Volvo Trucks of N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 176-77 (2006); *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975). Suncor has asserted an affirmative defense that any price discrimination "was made in good faith to meet an equally low price of a competitor." 15 U.S.C. § 13(b).

### A. Contemporaneous sales of the same fuel at different prices to different customers

There is no dispute that between October 2009 and May 2011, Suncor sold unbranded gasoline and diesel fuel of like grade and quality to Western and Kroger entities from the same terminals, and that it charged different prices for such fuel. Western was charged Suncor's

standard pricing for unbranded customers — the daily Suncor Rack price less a stated discount. Suncor charged Kroger the OPIS Rack Average less a stated discount. The use of these different pricing methods, together with other Suncor discounts, resulted in Western and the Kroger entities being charged different prices for the same commodity on at least 449 days between October 2009 and May 2011. Thus, the Court finds that the first element is satisfied.

### B.  Sale in interstate commerce

The phrase "in commerce" in the Robinson-Patman Act addresses "the generation of goods and services for interstate markets and their transport and distribution to the consumer." *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, 195 (1974). Thus, it is not sufficient to show merely that the alleged price discrimination simply "affect[s] commerce" or that the seller is engaged in interstate activities. Rather, Western must show that at least one of Suncor's discriminatory sales "occur[ed] in the course of its interstate activities" — in other words, that some fuel sold to Western or Kroger entities occurred across state lines.[5] *Id.*; *Belliston v. Texaco, Inc.* 455 F.2d 175, 178 (10th Cir. 1972).

Because the focus of the "in commerce" inquiry is upon the fuel being sold at different prices, if the product sold was locally "transformed in a material way" from the raw materials or goods that had previously moved in commerce, the "in commerce" requirement is not satisfied. *Able*, 406 F.3d at 63. *Belliston* illustrates this proposition. There, Texaco sold gasoline in Utah to the plaintiffs, owners of service stations, and offered the same gasoline to Flinco, a distributor who owned a chain of service stations that bore Texaco's brand, at a lower price. Texaco sold

---

[5]     In *Able Sales Co. v. Compania de Azucarde Puerto Rico*, 406 F.3d 56, 62 (1st Cir. 2005), the court explained that this distinction is because "the recognized purpose of the Robinson-Patman Act is to reach the operations of large interstate businesses in competition with small local concerns," in order to prevent "predatory pricing by defendants who engaged in interstate commerce, not by those who acted purely locally."

gasoline it obtained from a refinery in Utah, owned by a company called American. American produced the gasoline from crude oil shipped from Colorado to Utah. 455 F.2d at 178. The 10th Circuit found that, under these circumstances, the plaintiffs could not demonstrate the "in commerce" element of their claim. *Belliston* drew a distinction between its facts and those of *Standard Oil Co. v. Federal Trade Commission*, 340 U.S. 231 (1951), where the "in commerce" element was satisfied by the fact that the seller "shipped the gasoline to itself across a state line [but] the product was never altered"; in such circumstances, the very product being sold had moved in the "flow of commerce." 455 F.2d at 180. It also highlighted the difference between *Dean Milk Company v. Federal Trade Commission*, 395 F.2d 696 (7th Cir. 1968) ("in commerce" element satisfied where "raw milk which was produced out of state retained its essential identity and underwent only minimal changes during processing and it was ultimately sold as milk") and *Central Ice Cream Company v. Golden Rod Ice Cream Company*, 287 F.2d 265 (7th Cir. 1961) ("when out-of-state butterfat and other ingredients are combined [into ice cream] in Illinois, a new product is created" and the "in commerce" element is not satisfied by purely intrastate ice cream sale). 455 F.2d at 180-81.

As noted in its ruling on Suncor's Motion for Summary Judgment, the Court derives several general rules concerning the "in commerce" element. The product being sold at differing prices must travel across state lines, either by virtue of the sale itself (*i.e.* it is shipped to an out-of-state buyer), or because the seller has imported the product from out of state (*i.e. Standard Oil*'s "flow of commerce" doctrine). If the interstate nexus turns on the seller's importation of the product, the Court must consider whether the product being sold is in essentially the same form and of the same character as the product that was imported (in which case the commerce element is satisfied) or whether the seller has materially transformed the imported substance into

15

something sufficiently distinct as to "interrupt the flow of commerce." *See Able*, 406 F.3d at 63 n. 8.

It is undisputed that Suncor operates a refinery in Colorado, and that some (perhaps even much) of the fuel products it sold to Western and Kroger was produced entirely in Colorado. However, that does not end the inquiry. Suncor also sold unbranded fuel to Western and Kroger from terminal locations where its domestically refined fuel was mixed and stored with fuel transported by pipeline from other states. Once mixed, the fuel in such tanks was chemically indistinguishable, and for legal and practical purposes was fungible. Thus, Suncor sales included both fuel it refined within Colorado and fuel that was refined outside of Colorado.[6] In addition, gasoline purchased by Western and Kroger contained ethanol of varying amounts. One third of the ethanol added to gasoline at Suncor's refinery was produced by suppliers outside of Colorado. As a consequence, the Court finds that some of the fuel sold by Suncor to Western and Kroger entities was obtained from outside of Colorado.

Suncor argues that although it derives some of its gasoline from outside of Colorado, it materially transforms that gasoline into a different product by "blending different grades of gasoline" and including additives (such as ethanol) to produce various products of specific grades and composition. It argues that the finished product "is a completely different product from the one acquired by Suncor from a refinery outside of Colorado," such that the "flow of commerce" doctrine would not apply. The evidence at trial did not support this contention. The

---

[6]     At the summary judgment stage, Suncor argued that "comingled" local and foreign gasoline is not sufficient to satisfy the "in commerce" requirement, and that Western "bears the burden of identifying the specific goods that traveled in commerce, citing *Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 646 (S.D. Tex. 1999), *S&M Matieras v. S. Stone Co.*, 612 F.2d 198, 200 (5th Cir. 1980), *Roorda v. American Oil Co.*, 446 F.Supp. 939, 945 (W.D.N.Y. 1978), and *McGoffin v. Sun Oil Co.*, 539 F.2d 1245, 1248 (10th Cir. 1976). The Court previously found that none of the cited decisions stand for such proposition, and indeed, the reasoning in *Roorda*, is opposite to Suncor's contention. Nothing presented at trial changes this conclusion.

evidence is that the introduction of additives occurs after the fuel has been commingled and as it is pumped to the truck. The additives, particularly ethanol, are required by federal law and do not change the purpose or the function of the gasoline. Thus, the Court finds that some of the product sold to Western and the Kroger was brought into Colorado and thus traveled in interstate commerce.

Suncor also argues that to invoke protection under the Robinson-Patman Act, Western must show that <u>all</u> purchases subject to discriminatory pricing were of product that traveled in interstate commerce. For this proposition, Suncor relies on *Belliston v. Texaco, Inc.*, 455 F.2d 175, 178 (10th Cir.), *cert. denied*, 408 U.S. 928 (1972); *Black Gold, Ltd. v. Rockwool Indus., Inc.*, 729 F.2d 676, 683 (10th Cir.), *cert.denied*, 469 U.S. 854 (1984); *Coastal Fuels of Puerto Rico*, 79 F.3d at 189; and *Hanson v. Pittsburgh Plate Glass Indus., Inc.*, 482 F.2d 220, 224 (5th Cir. 1973), *cert. denied*, 414 U.S. 1136 (1974). A careful review of these decisions does not reveal such a requirement. Indeed, such a requirement would be inconsistent with the express language of 15 U.S.C. § 13(a), which requires that "either or any of the purchases involved in such discrimination are in [interstate] commerce." This requirement is satisfied if one of the "two or more sales" crossed a state boundary. *Gulf Oil Corp. v. Copp Paving Co.*, 419 U.S. 186, (1974); *McGoffin v. Sun Oil Co.*, 539 F2d 1245 (10th Cir 1976). In this case, the standard has been satisfied.

### C.  Effect on competition

Section 2(a) prohibits price discrimination where the effect is "to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy or prevent competition with any person who . . . receives the benefit of the discrimination." 15 U.S.C. § 13(a). Western

asserts a "secondary line" injury, contending that competition between its stores and Kroger

stores was affected because Kroger was a "favored purchaser." *Volvo Trucks*, 546 U.S. at 176.

It is worth pausing at this juncture to focus on the primary purpose of the Robinson-

Patman Act. Its function is not to protect one competitor against another, but instead to protect

the competitive process for the benefit of the ultimate consumer; it is often said that the Act

"protects competition, not competitors." *See Black Gold*, 729 F.2d at 680, *citing Foremost Pro

Color, Inc. v. Eastman Kodak Co*., 703 F.2d 534 (9th Cir 1983); *Atlas Building Products Co. v.

Diamond Block & Gravel Co.,* 269 F.2d 950 (10th Cir. 1959); 4 J. von Kalinowski, <u>Antitrust

Laws and Trade Regulation</u> § 28.03 (1983). Put another way, the Court views the effect of

discriminatory wholesale pricing from the perspective of the retail fuel-buying consumer — in

this case, did it affect the choices, prices, or stores available to the ordinary drivers buying fuel?

On this issue, Western bears the burden of proof. Western must establish by a preponderance of

the evidence that the difference in wholesale prices it and Kroger paid to Suncor had an impact

on competition among retailers of unbranded fuel.

In determining whether there has been an injury to competition, courts generally have

employed two approaches. The first approach, known as the *Morton Salt* doctrine,[7] permits the

Court to infer an injury to competition where: (i) there is a permanent and substantial wholesale

price difference that is sufficient to influence the retail price charged by the purchaser who

received the lower wholesale price; or (ii) the wholesale price difference occurs among

competitors operating in a market where profit margins are low and competition is keen. The

*Morton Salt* inference assumes that when the favored wholesale customer pays less, it will

---

[7]     The Supreme Court formulated this doctrine in *FTC v. Morton Salt Co*., 334 U.S. 37
(1948).

reduce its retail price to the detriment of other merchants. S*ee Chroma Lighting v. GTA Prods. Corp.*, 111 F.3d 653, 654 (9th Cir. 1997).

The second approach relies on qualitative and quantitative analyses to determine the effect of a lower wholesale price upon the favored wholesale customer's retail price and the effect of such lower retail price on the competitive market. Typical studies consider relevant economic and market factors, such as the amount and duration of the price differential, the pattern of the pricing scheme, the degree of competition, the purpose of the price differential, the size of the profit margin, the degree of profit impairment, the extent of the loss of sales, and the nature of product sold. 3 von Kalinowski, Antitrust Laws and Trade Regulation, § 39.02.

Western argues that both approaches demonstrate injury to competition in the market for retail sale of unbranded fuel. Considering each, the Court disagrees.

### 1. *Morton Salt*

Western argues that the *Morton Salt* inference should be used in this case because both of the customary scenarios where the inference can be applied are present here. It argues that: (i) the difference between wholesale prices paid by Western and Kroger was substantial and continued over a significant period of time and was capable of influencing Kroger's retail prices, and (ii) the profit margin in retail gas sales is narrow and the competition is keen. Assuming, without determining, that the *Morton Salt* doctrine could properly be invoked here, the Court does not find the inference it permits to be warranted for several reasons.

First, the Court finds little basis to resort to inferences here. By definition, an inference may be drawn where circumstances preclude the development or presentation of direct evidence of the fact in question. Here, the parties have presented both direct and extensive expert opinion evidence with regard to whether the lower wholesale price charged to the Kroger entities affected

19

their retail prices and therefore impacted the retail prices of other stores competing in the retail

unbranded fuel market.  The expert testimony is supported by substantial statistical studies and

models, which the Court has carefully reviewed.  Given concrete and specific evidence, there is

little justification for instead resorting to the blunt and imprecise instrument of inferences.

Rather, as discussed below, the Court can merely address the persuasiveness of the direct

evidence itself.[8]

Second, even if it were appropriate to consider the *Morton Salt* inference despite the

presence of direct evidence, the Court would nevertheless find that it is not appropriate to draw

any inference of injury to competition under the particular circumstances of this case.  The

*Morton Salt* inference is most appropriately applied in a classic market where retail pricing

occurs in accordance with rational, readily-anticipated motivations.  That is not the case here.  As

noted previously, there is some question as to whether Western and Kroger's supermarket

entities are comparable competitors when it comes to retail fuel sales, as the two types of retail

operations have different business models, margins, and product mixes.  In addition, none of the

stores use the same pricing mechanism.  Western bases its retail price solely on competitive

pricing; Loaf 'N Jug sets its retail price to combine with anticipated volume in order to meet

sales targets; the supermarkets purposefully price fuel several cents above the lowest competitive

price.  Thus, it would appear that none operate according to the *Morton Salt* assumption that

changes in wholesale prices will be directly reflected in retail prices charged to consumers.

Thus, as noted by Dr. Leffler,  it is improvident to assume that there was a retail market

for unbranded fuel in which Western and the Kroger entities participated that was subject to

uniform, rational economic behavior that influenced pricing and market activity.  As a

---

[8]      *See, e.g.*, *Falls City Indus. v. Vanco Beverage, Inc.*, 460 U.S. 428 (1983); *Volvo.*, *supra*.;
*Black Gold, supra.*

consequence, the Court declines to draw any inferences via *Morton Salt*, and instead turns to the analytical evidence.

## 2. Qualitative and Quantitative Evidence

The parties' economic experts, Dr. Glick and Dr. Griffen, agree that the quintessential question for determination is whether differences in wholesale pricing caused injury to competition in the retail market; in other words, whether Kroger used its wholesale price savings to drive the retail price of fuel below where it would otherwise have been, thus depriving Western of profits it would have earned had both parties paid the same wholesale price and harming the competitive landscape for retail fuel sales. Dr. Glick concisely summarized this in a logical syllogism: if Kroger's wholesale price influenced its retail price, and if Kroger's retail price influenced Western's retail price, then Kroger's (discounted) wholesale price influenced Western's retail price (adversely).

The Court assumes that the second premise of this syllogism is true. There is no dispute that Western set its daily retail fuel prices in reaction to its surveys of competitors' fuel prices, and among those were Kroger entities. Mr. Taraghi testified that he gauged Western's retail fuel price to beat competitors and "you don't let people cut you." Thus, it is fair to find that the prices charged by those Kroger stores in competition with Western store influenced Western's retail prices.

The more difficult question concerns the first portion of the syllogism: whether Kroger's wholesale price influenced its retail price — that is, whether Kroger passed the savings it received from Suncor through to its retail price. In resolving this issue, the Court considers both direct and opinion evidence.

### a. Direct Evidence

21

The direct evidence is limited to the testimony of the people who set retail prices.  As previously discussed, two separate Kroger subsidiaries own and operate supermarkets (King Soopers and City Market) and convenience stores (Loaf 'N Jug).  The subsidiaries had independent contracts with Suncor with different terms and made independent retail pricing decisions based upon different criteria.

Ms. Giannola testified with regard to the supermarkets.  She testified that she handled only retail pricing; another individual bought fuel pursuant to a single contract/terminal that provided a uniform wholesale fuel purchase price regardless of the Kroger supermarket that ultimately took delivery.  Despite Kroger paying a uniform wholesale fuel price for all fuel purchased on a particular day, its retail prices for that fuel varied among the supermarkets.  This suggests that Kroger did not mechanically pass wholesale price savings through to lower the retail price.

Moreover, the evidence established that the primary driver of Kroger's supermarket fuel pricing was not Kroger's wholesale fuel cost, but rather, the retail prices posted by competitors.  Like Western, the supermarkets set daily retail prices in conjunction with daily surveys of the prices charged by competitors.  Unlike Western stores, however, the supermarkets generally did not lead the market in setting retail prices, they followed it.  With relatively few exceptions, the supermarkets set their retail prices at least three cents higher than the lowest competitive price and never dropped below the lowest competitive price.

As to the Loaf N Jug stores, Mr. Sharpe was the person responsible for setting retail fuel prices.  Like Ms. Giannola, he did not buy fuel, although he was generally aware of wholesale fuel prices.  As with the Kroger supermarkets, fuel bought for Loaf N Jug stores had a uniform wholesale price based on the contract and terminal at which it was purchased.  Also similar to the

Kroger supermarkets, the retail price varied among Loaf N Jug stores. Mr. Sharpe reviewed

daily price surveys prepared by Loaf N Jug store managers. However, he made pricing decisions

differently than both Western and the supermarkets. He reviewed that the competitive prices,

then factored in the sales volume necessary to meet sales objectives.[9] In some locations, Loaf N

Jug stores usually followed the pricing of competitors; in other locations (such as Pueblo), the

Loaf N Jug sometimes led the market. Most often, but not always, the Loaf N Jug price was

higher than the Western price.

Thus, the direct evidence suggests three types of retail pricing strategies — Western's

approach of leading the pack, the Kroger supermarkets' approach of following the pack by

setting a price at least three cents higher than the lowest competitive price, and Loaf N Jug's

practice of individualized pricing in order to meet sales objectives. It is clear, however, that

Kroger's wholesale fuel costs were not the primary, or even an important, driver of its retail fuel

prices. Different personnel were responsible for wholesale fuel buying than were responsible for

retail pricing, and Kroger generally set its retail prices mostly based on its competitor's prices or

based on revenue targets. Nothing in the record suggests that Kroger routinely took advantage of

the discounted prices it paid Suncor to drive down the retail prices to the detriment of

competitors such as Western. Having found no direct evidence supporting the first premise of

Dr. Glick's syllogism, the Court turns to the expert opinion evidence.

### b. Opinion Evidence

Both parties offered testimony of well-qualified witnesses with expertise in economic

theory and antitrust concepts. Western offered the opinions of Dr. Mark Glick and Suncor

---

[9]     Although the record is not clear, the Court assumes that this refers to revenue objectives
— that is, Loaf N Jug determined what it wanted for fuel sales revenues and set a retail price
that, multiplied by an anticipated volume of sales, would reach the desired sales target.

offered the opinions of Dr. James Griffen.  Although they agreed on many things, they disagreed

as to whether the statistical evidence during the operative period shows that the Kroger stores

passed their wholesale price savings through to their retail prices.

Dr. Glick opined that Kroger stores did so.  He considered Mr. Taraghi's operation of the

Western stores, studies of the convenience store industry[10] and gas stations, Western's and

Kroger supermarket's day-by-day pricing surveys, Suncor's sales to Kroger,[11] and general

economic theory.  He concluded that among the factors that influence customer purchasers

(location of station, traffic pattern, type of store, etc.), retail price is the most significant, and that

even a small difference in price is significant in the "retail gasoline business."  He further

reasoned that in the "retail gasoline market," competitors quickly respond to changes in retail

price.  Then, looking at the difference between the wholesale prices that Suncor charged Western

and Kroger, he concluded that "there was enough price discrimination over time to likely affect

the retail price."

Dr. Glick explained that there were three useful approaches to the question of whether the

difference in wholesale prices had an effect on retail prices.  The first is "to try to see if we can

form an inference that the retail prices were affected by –by the wholesale price difference."  Dr.

Glick did not propose any particular way to devise and test such an inference; instead, he merely

stated that "[i]t's hard to see how there would be no impact over 608 days, it really is . . . if there

---

[10]     Dr. Glick relied, in part, on the testimony and studies considered by John Mayes.  Mr.
Mayes' experience and testimony, however, was limited to the refinery and convenience store
industries.  As noted earlier, the Court accepts his testimony in those areas but has reservations
about extrapolating those findings to the operations of fuel-selling supermarkets or warehouse
clubs.

[11]     For King Soopers supermarkets, the parties had information for purchases from Suncor,
by store, by day, and by fuel grade for the relevant period.  For Loaf N Jug, they had limited
purchase records only from March to May 2011.

is no competitive injury in a case like this, tell me the—what case is there competitive injury?" This is essentially a rephrasing of the *Morton Salt* approach, inferring an effect on competition simply from the existence of a long-term price differential in a competitive market. As discussed above, the Court has declined to infer any injury to competition in the circumstances presented here.

According to Dr. Glick, the second approach is a direct statistical approach that he acknowledges is "the more difficult task." For this approach, he defers to the damages model designed by Dr. Leffler and prepared by Mr. Tatos. The Court finds this damage model to be unhelpful in evaluating whether Kroger rolled its wholesale price savings into its retail price because the damages model did not include Kroger's retail price as a variable. Without that variable, the model becomes one that begs the question, assuming that there must be a relationship between Kroger's wholesale cost and its retail price at each store.[12]

Finally, Dr. Glick relies on the logical syllogism described above. It offers a methodology for determining whether there was injury to competition, but by itself does not establish any injury. As the preceding discussion indicates, the Court cannot say that a key premise of that syllogism — that Kroger's receipt of discounts on fuel at the wholesale level had any effect on the retail prices that Kroger charged for such fuel — is valid, and thus, cannot

---

[12]     This assumption is premised upon assessments made by Mr. Tatos in reviewing Kroger's average retail price and wholesale cost. (Ex. 593). He observed that the **averages** moved "in tandem" but with some lag effect. He observed that wholesale costs and retail prices may not move exactly the same direction in any period, but over the entire operative period, the wholesale costs and retail prices seem move together. The Court is unpersuaded by this analysis because it is too general, it is not based on an generally accepted methodology, and it fails to account for the complexity in the market as articulated by Dr. Leffler and as is reflected in the direct evidence. The Court agrees with Dr. Griffen's observation that the issue is not whether retail prices go up or down in response to market changes, but instead whether a change in the wholesale cost of one market participant affects its retail price. Use of price and cost averages over the entire operative period does not address that issue.

adopt the conclusion that the discounts received by Kroger had any effect on Kroger's competition with Western.

Dr. Griffen disagrees with Dr. Glick's conclusion that that the wholesale cost savings was passed on through lower prices charged by Kroger. Dr. Griffen concedes that if all of the retailers experienced a lower wholesale cost, the market would reflect lower retail prices. However, he is unconvinced that any specific wholesale cost savings realized by Kroger during the operative period resulted in a lowered retail price charged at Kroger stores. He opines that the data shows that, rather than reducing their retail prices, Kroger pocketed the wholesale savings as additional profit.

Focusing on the data available to the parties (noting the meager data regarding directly-competitive Loaf N Jug stores), Dr. Griffen conducted three tests to determine whether Kroger was passing its wholesale savings through to its retail prices. First, he compared retail Kroger prices, store by store, during two periods: a period prior to the contracts with Suncor and the period after the contracts became effective. For King Soopers and City Market, the contract with Suncor began October 1, 2009, and for Loaf 'N Jug, the contract became effective in February of 2010. He theorized that if Kroger was passing its wholesale price savings through to lower retail prices, there would be a decrease in the trend of retail prices once those contracts became effective. For twenty-two of the Kroger stores competing with Western stores, the Suncor contract had no apparent effect on the retail price.

In five stores, however, there was some reduction in the retail price trend. Therefore, Dr. Griffen examined what might have caused the retail price reduction. He reasoned that if a wholesale cost savings under the Suncor contracts caused the decreasing trend in retail pricing (*i.e.* Kroger using its discount from Suncor to drive the retail price down), then there should be a

corresponding structural break in the profit trend in the competing Western stores over the same time period. Put another way, if the Kroger stores dropped retail prices because their costs were lower, and the Western stores either lost sales to a lower-priced Kroger store nearby or were forced to lower their own prices even further in order to compete, the Western stores would show a drop in profitability. Dr. Griffen analyzed the profit trends for all of the twenty-seven Western stores that competed with a Kroger entity, examining profits both before and after the Suncor contracts became effective. He compared the profit trend of each store for a time prior to the Suncor contract with the profit trend after Kroger's contracts with Suncor became effective. None of the Western stores showed a structural break in the profit trend line. In other words, the profit trend line for the Western stores did not suffer due to Kroger's contract with Suncor. To the contrary, Western opened a new store that experienced climbing profits. From this, Dr. Griffen concluded that no Western store experienced a loss in profitability, including those that competed with the five Kroger stores where retail prices dropped.

Dr. Griffen's third test looked at Kroger's pricing behavior relative to competitive stores. Using Western's surveys, Western had (or was tied for) the lowest retail price on 73% of the days in the operative period. Kroger stores had (or were tied for) the lowest retail fuel price on only 3% of the days. (For the remaining 25% of the time, other competitors had the lowest retail price.) This is consistent with the observations discussed above: Western aggressively sought to be the low-price leader, and Kroger was usually content to charge more than Western.

Dr. Griffen then recalculated Kroger prices to reflect the common use by Kroger customers of the three cent-per-gallon discount offered by use of a Kroger loyalty card. Even with that reduction, Western still had (or was tied for) the lowest retail fuel price some 70% of the time. The Kroger entities had (or were tied) for the lowest price 33% of the time, and the

other competitors continued having the lowest price approximately 23-24% of the time.
Although this sharpens the picture somewhat, the fact still remains that Western was persistently
the price leader, and demonstrates that Kroger only occasionally competed on price.  Moreover,
recalling that the contract with Suncor granted Kroger a price advantage over Western for 78%
of the days in the operative time period, it is clear that Kroger was not regularly using that
wholesale discount to match (much less undercut) Western's retail pricing.

　　　None of the tests conducted by Dr. Griffen suggested that Kroger's wholesale cost
savings was passed on in its retail price.  Therefore, Dr. Griffin opined that the Kroger entities
simply treated the wholesale savings as additional profit, rather than using those savings to
undercut competitors and injure competition.

　　　As between the two expert opinions, the Court finds Dr. Griffen's opinion to be more
persuasive.  His opinion that the wholesale price differential had no demonstrable effect on
competition is consistent with the direct evidence.  Kroger stores did not routinely convert
wholesale cost savings into lower retail prices.  Kroger stores most often were price followers
rather than leaders.  During the operative time period, there is no evidence of a Western store
closing due to a nearby Kroger store persistently undercutting its fuel prices — there is no
evidence that Kroger even sought to undercut Western's pricing.  Instead, the evidence shows
that during the operative time period, Western opened two new stores in competition with
Kroger stores.  Although Western might have liked to have opened more than two additional
stores during this period, it is hard to explain expansion of stores — especially in locations with
Kroger competitors — if Western's existing competition with Kroger was as unfavorable as
Western claims.  Dr. Griffen's opinion is not absolute.  It allows for the possibility that some of
the wholesale cost savings may have bled into a Kroger store's retail price, but when viewed

over the twenty-seven stores and the operative period, the price differential did not cause a discernible effect on competition.

The standard of proof on this issue is a preponderance of evidence. Based on the evidence presented, the Court cannot find that it is more likely than not that price discrimination by Suncor affected competition between Western and Kroger stores or in the retail unbranded fuel market as prohibited by Robinson-Patman Act.[13] Because Western did not carry its burden on this element, judgment shall enter in favor of Suncor and against Western on this claim.

### III.     Colorado Unfair Trade Practices Act

Western also seeks to recover under Colorado's Unfair Trade Practices Act, C.R.S. § 6-2-108. This statute states that "the secret payment or allowance of rebates, refunds, commissions, or unearned discounts . . . not extended to all purchasers upon like terms and conditions, to the injury of a competitor and where such payment or allowance tends to destroy competition, is an unfair trade practice." Western has the burden of proof by a preponderance of evidence to establish each of the following three elements: 1) that Suncor gave a secret, unearned discount to Kroger entities; 2) that the secret discount had a tendency to destroy competition; and 3) that Western was injured by the discount given to the Kroger entities.

### A.  Secret Discount

At the summary judgment stage, the parties argued extensively about the purpose and meaning of the operative terms of this statute. The Court extensively addressed the arguments in its order at Docket # 251, and in the absence of any further argument at trial, the Court incorporates that Opinion's discussion of the governing law. Consistent with its prior reasoning,

---

[13] By virtue of this finding, it is not necessary to address Suncor's affirmative defense of "meeting competition," nor the intricacies of the damage model formulated by Dr. Glick, Dr. Tatos and Dr. Lefler.

the Court will assume that the contract prices Suncor gave to the Kroger entities was a secret, unearned discount.

**B.    Tendency to Destroy Competition**

It is evident in their Proposed Final Pretrial Order (**#266-1**) and in the trial presentation that the parties understand the requirement that Western prove that the secret discount granted to Kroger had "a tendency to destroy competition" is the equivalent of the Robinson-Patman claim's element of "injury to competition."  As with the Robinson-Patman claim, Western requests application of the *Morton Salt* inference and in the alternative relies on the opinions of Drs. Glick and Tatos to establish the "tendency to destroy competition" element, whereas Suncor relies on the testimony of the Kroger representatives and Dr. Griffen.

In parallel construction, the Court's prior findings and assessment of the evidence with regard to the Robinson-Patman claim is dispositive here.  There was price discrimination in Suncor's sales to the Kroger entities and Western.  However, the evidence does not support a finding that such discrimination adversely impacted, much less had a tendency to destroy competition in, the retail, unbranded fuel market.  Accordingly, judgment shall enter in favor of Suncor and against Western on this claim.

**CONCLUSION**

For the reasons stated above, the Court finds in favor of Suncor on Western's Robinson-Patman Act and C.R.S. § 6-2-108 claims, and will enter judgment in favor of Suncor on those claims.  The Court further finds in favor of Suncor on its counterclaim against Western for breach of contract and on its cross-claim against the Taraghis for breach of the personal guaranty, as set forth in the Court's prior Opinion (and deemed incorporated herein).  Within 14 days of this Order, the parties shall jointly tender an agreed-upon form of judgment reflecting the

findings herein (and any prejudgment interest as may be recoverable).  The motions at Docket **#256** and **# 280** are **DENIED** as set forth herein, with no further action required by the Clerk of the Court.

Dated this 22nd day of August, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation;
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

      Plaintiffs and Counterclaim Defendant,

vs.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

      Defendant, Counterclaimant, Third-Party Plaintiff,

HOSSEIN and DEBRA LYNN TARAGHI,

      Third-Party Defendants.

---

**SUBMISSION OF AGREED FORM OF JUDGMENT**

---

      Pursuant to the Opinion and Order Directing Entry of Judgment in favor of Suncor

Energy (U.S.A.) (Dkt. **#319**), the parties submit the attached agreed-upon form of judgment.

Dated:  September 5, 2014

s/Anthony J. Shaheen
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO  80201-8749
Phone: 303-295-8054
Fax: 303-291-9126
AJShaheen@hollandhart.com
**ATTORNEYS FOR DEFENDANT**

s/ Kenneth R. Bennington
Kenneth R. Bennington
Kathleen E. Craigmile
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
Phone: (303) 629-5200
Fax: (303) 629-5718
krb@benningtonjonson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com
jhm@benningtonjohnson.com
**ATTORNEYS FOR PLAINTIFFS AND THIRD-PARTY DEFENDANTS**

CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014, I served the foregoing **SUBMISSION OF AGREED FORM OF JUDGMENT**, by causing the foregoing to be presented to the Clerk of Court for filing and uploading to the CM/ECF system.  I will separately serve this document to the following email addresses:

Kenneth R. Bennington
Kathleen E. Craigmile
Adam F. Aldrich
BENNINGTON JOHNSON BIERMANN  & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
krb@benningtonjohnson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com

Philip W. Bledsoe
POLSINELLI SHUGHART, P.C.
1515 Wynkoop Street, Suite 600
Denver, CO 80202
pbledsoe@polsinelli.com

                                                          _____ *s/Anthony Shaheen*  _____

7093368_1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-01611-MSK-CBS

**WESTERN CONVENIENCE STORES, INC., a Colorado corporation,
and WESTERN TRUCK ONE, LLC, a Colorado limited liability company**

      **Plaintiffs,**

**v.**

**SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,**

      **Defendant,**

**and**

**SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,**

      **Third-Party Plaintiff,**

**v.**

**HOSSEIN AND DEBRA LYNN TARAGHI,**

      **Third-Party Defendants.**

---

**FINAL JUDGMENT**

---

Pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Motion for Summary Judgment (Dkt. #**251**) of Defendant and Third-Party Plaintiff Suncor Energy (U.S.A.) Inc. ("Suncor") and the Opinion and Order Directing Entry of Judgment in Favor of Suncor Energy (U.S.A.) (Dkt. #**319**) following trial to the Court of all remaining claims in this action, the Court directs entry of judgment for Suncor as follows:

1.      Judgment in favor of Suncor and against Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO") on all claims in the Amended Complaint (Dkt. # 43).  Plaintiffs shall take nothing on these claims.

2.     Judgment in favor of Suncor on Suncor's counterclaim against Plaintiff WCS (Dkt. #**31**) in the amount of Three Million Seven Hundred Fifty-Five Thousand One Hundred Forty-One and 95/100 Dollars ($3,755,141.95), plus prejudgment interest at the rate of 12% (simple interest) in the amount of $1,467,900.42 through September 5, 2014.  Prejudgment interest at the rate of 12% per annum shall continue to accrue at the rate of $1,233.72 per day until the entry of this Judgment.  Thereafter, interest on the total judgment amount, principal and interest, shall accrue at the rate specified in 28 U.S.C. §1961 until this Judgment against WCS is satisfied in full (the "WCS Judgment").

3.     Judgment in favor of Suncor on Suncor's third-party claim against Third-Party Defendants Hossein Taraghi and Debra Lynn Taraghi as guarantors of WCS (Dkt. #**37**), jointly and severally, in the amount of Three Million and 0/100 Dollars ($3,000,000).  After entry of this Judgment, post-judgment interest shall accrue on this amount at the rate specified in 28 U.S.C. §1961 until this Judgment against Hossein Taraghi and Debra Taraghi, jointly and severally, is satisfied in full (the "Taraghi Judgment").

4.     Once the WCS Judgment is partially satisfied by WCS so that the WCS Judgment balance, including interest, is $3,000,000, then any further amounts paid by WCS to Suncor or collected by Suncor from WCS's assets, shall also be applied toward the satisfaction of the Taraghi Judgment.  Hossein Taraghi and Debra Lynn Taraghi are jointly and severally liable to Suncor for the WCS Judgment up to Three Million and 0/100 Dollars ($3,000,000) plus interest. Any amounts paid by Hossein Taraghi and Debra Lynn Taraghi to Suncor or collected by Suncor from Taraghi assets, shall also be applied toward the satisfaction of the WCS Judgment.

5.     Pursuant to Rule 54(d)(1)&(2), the amount and scope of WCS's and Hossein and Debra Lynn Taraghi's liability for costs, attorneys' fees and related non-taxable expenses shall

be determined at a later date, but that determination shall not delay entry of this Judgment which

is a final judgment for purposes of appeal.

**IT IS SO ORDERED.**

**BY THE COURT**

Date:_____

_____

Marcia S. Krieger
Chief United States District Judge

7092395_1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation; and
WESTERN TRUCK ONE, LLC, a Colorado limited liability company,

       Plaintiffs,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

       Defendant,

and

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

       Third-Party Plaintiff,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

       Third-Party Defendant.

## FINAL JUDGMENT

Pursuant to the Court's Opinion and Order Granting in Part and Denying in Part Motion for Summary Judgment (Dkt. **#251**) of Defendant and Third-Party Plaintiff Suncor Energy (U.S.A.) Inc. ("Suncor") and the Opinion and Order Directing Entry of Judgment in Favor of Suncor Energy (U.S.A.) (Dkt. **#319**) following trial to the Court of all remaining claims in this action, the Court directs entry of judgment for Suncor as follows:

1. Judgment in favor of Suncor and against Plaintiffs Western Convenience Stores, Inc. ("WCS") and Western Truck One, LLC ("WTO") on all claims in the Amended Complaint

(Dkt. # 43). Plaintiffs shall take nothing on these claims.

2. Judgment in favor of Suncor on Suncor's counterclaim against Plaintiff WCS (Dkt. #**31**) in the amount of Three Million Seven Hundred Fifty-Five Thousand One Hundred Forty-One and 95/100 Dollars ($3,755,141.95), plus prejudgment interest at the rate of 12% (simple interest) in the amount of $1,467,900.42 through September 5, 2014. Prejudgment interest at the rate of 12% per annum shall continue to accrue at the rate of $1,233.72 per day until the entry of this Judgment. Thereafter, interest on the total judgment amount, principal and interest, shall accrue at the rate specified in 28 U.S.C. §1961 until this Judgment against WCS is satisfied in full (the "WCS Judgment").

3. Judgment in favor of Suncor on Suncor's third-party claim against Third-Party Defendants Hossein Taraghi and Debra Lynn Taraghi as guarantors of WCS (Dkt. #**37**), jointly and severally, in the amount of Three Million and 0/100 Dollars ($3,000,000). After entry of this Judgment, post-judgment interest shall accrue on this amount at the rate specified in 28 U.S.C. §1961 until this Judgment against Hossein Taraghi and Debra Taraghi, jointly and severally, is satisfied in full (the "Taraghi Judgment").

4. Once the WCS Judgment is partially satisfied by WCS so that the WCS Judgment balance, including interest, is $3,000,000, then any further amounts paid by WCS to Suncor or collected by Suncor from WCS's assets, shall also be applied toward the satisfaction of the Taraghi Judgment. Hossein Taraghi and Debra Lynn Taraghi are jointly and severally liable to Suncor for the WCS Judgment up to Three Million and 0/100 Dollars ($3,000,000) plus interest. Any amounts paid by Hossein Taraghi and Debra Lynn Taraghi to Suncor or collected by Suncor from Taraghi assets, shall also be applied toward the satisfaction of the WCS Judgment.

5. Pursuant to Rule 54(d)(1)&(2), the amount and scope of WCS's and Hossein and

Debra Lynn Taraghi's liability for costs, attorneys' fees and related non-taxable expenses shall

be determined at a later date, but that determination shall not delay entry of this Judgment which

is a final judgment for purposes of appeal.

DATED this 8th day of September, 2014.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01611-MSK-CBS

WESTERN CONVENIENCE STORES, INC., a Colorado corporation,

      Plaintiff,

v.

SUNCOR ENERGY (U.S.A.) INC., a Delaware corporation,

      Defendant,

v.

HOSSEIN AND DEBRA LYNN TARAGHI,

      Third-Party Defendants.

---

## JOINT NOTICE OF APPEAL

---

Notice is hereby given that Western Convenience Stores, Inc., plaintiff in the above named case, and Hossein and Debra Lynn Taraghi, third-party defendants in the above named case, hereby appeal to the United States Court of Appeals for the Tenth Circuit, from the Final Judgment (Doc. 321) entered in this action on September 8, 2014.

Dated: October 6, 2014.

                     *s/ Kenneth R. Bennington*

                    _____
                    Kenneth R. Bennington
                    Kathleen E. Craigmile
                    Adam F. Aldrich
                    Jeffrey H. McClelland
                    BENNINGTON JOHNSON
                    BIERMANN & CRAIGMILE, LLC
                    370 17th Street, Suite 3500
                    Denver, CO 80202

Phone: (303) 629-5200
Fax:  (303) 629-5718
krb@benningtonjonson.com
kec@benningtonjohnson.com
afa@benningtonjohnson.com
jhm@benningtonjohnson.com

*Attorneys for Plaintiffs and Third-Party Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 6, 2014, copies of the foregoing **JOINT NOTICE OF APPEAL** was served on the following parties via the CM/ECF filing system:

Anthony J. Shaheen
Keeya M. Jeffrey
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80201-8749
AJShaheen@hollandhart.com
KMJeffrey@hollandhart.com

J. Robert Robertson
William L. Monts III
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004-1109
robby.robertson@hoganlovells.com
william.monts@hoganlovells.com

Philip W. Bledsoe
Joseph T. VanLandingham
Polsinelli PC
1225 Seventeenth Street, 29th Floor
Denver, CO  80202-5529
pbledsoe@polsinelli.com
jvanlandingham@polsinelli.com

*s/ Marie Newberger*

_____